18827. JACKSON *v.* PITTARD, Sheriff.

ARGUED JANUARY 11, 1955—DECIDED MARCH 14, 1955.

*W. L. Nix*, for plaintiff in error.
*Hope D. Stark, Solicitor-General, Jack Holland*, contra.

WYATT, Presiding Justice. With reference to interstate extradition, the Constitution of the United States provides as follows: "A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." Code § 1-403; art. 4, sec. 2, Const. of the U. S. Congress in 1793 passed legislation effectuating this provision of the Constitution of the United States. (1 Stat., p. 302, Ch. 7).

It was held in Hyatt *v.* People ex rel. Corkran, 188 U. S. 691 (23 Sup. Ct. 456, 47 L. ed. 657) that, in order to authorize an extradition under the Constitution and laws of the United States, the alleged criminal act must have been committed by an individual who was at the time of its commission personally within the State which demands his surrender, and that such person must have fled from the demanding State to the State where he is found, either directly or indirectly. Such a person is defined as a fugitive from justice. The warrant issued by the Governor of Georgia pursuant to the demand of the Governor of Michigan reads in part as follows: "Whereas, His Excellency G. Mennen Williams, Governor of the State of Michigan, and as Executive Authority thereof, has demanded of me Luther Powell Jackson, a Fugitive from Justice from the said State, and has produced to me a requisition, accompanied by supporting documents. . . Now, in accordance with the provisions of an Act of Congress passed 12th February, 1793, respecting Fugitives from Justice, and in order that the said Fugitive from Justice may be brought to trial for the offense for which he stands charged. . . You are commanded to arrest and deliver the Fugitive from Justice to the said agent."

From the portion of the warrant of the Governor of Georgia quoted above, it will be seen that the warrant was issued in accordance with the laws of the United States to arrest the petitioner as a fugitive from justice. As has been pointed out, the petitioner is not a fugitive from justice under the Constitution and laws of the United States and can not be extradited as such, since the evidence was conclusive that he was not in Michigan at the time the crime was alleged to have been committed and has not fled therefrom.

If it be contended that, even though the warrant of the Governor of Georgia recites that it was issued in accordance with an act of Congress passed in 1793, supra, and even though the petitioner does not come within the terms of that act, it is still a valid warrant under the terms of an act of the General Assembly of Georgia passed in 1951 (Ga. L. 1951, p. 726 et seq., and especially sec. 6 thereof)—the answer is that this record shows conclusively that this extradition proceeding does not purport to come within the terms of that act.

It follows, therefore, that the judgment of the court below remanding the petitioner to the custody of the sheriff was error.

In view of what is held above, it is not necessary to pass upon the constitutional questions and certain other questions raised in the record in this case.

*Judgment reversed. All the Justices concur.*