21912. WATSON v. GRIMES, Sheriff.
21913. HARPER v. GRIMES, Sheriff.

SUBMITTED JANUARY 17, 1963—DECIDED FEBRUARY 8, 1963.

*Daniel Duke, Clyde Henley,* for plaintiffs in error.
*Paul Webb, Solicitor General, Eugene L. Tiller,* contra.

HEAD, Presiding Justice. Requisition was made by the Governor of Pennsylvania to the Governor of Georgia for the extradition of Bill Watson and Bud Harper. The petitions for habeas corpus of Watson and Harper make the same contention, that the joint indictments against them, on which the Governor of Pennsylvania based his requisitions, show that the County of Washington, Commonwealth of Pennsylvania, has no jurisdiction to try them. The cases will be considered together.

The requisitions of the Governor of Pennsylvania state that the petitioners are charged "with having committed an act or acts in the State of Georgia, intentionally resulting in the crimes of Accessory before the fact, Accessory after the fact, Conspiracy to Fraudulent Conversion and Fraudulent Pretense, which I certify to be crimes under the Laws of this State, committed in the County of Washington in this State, . . ." The indictments attached to the requisitions show that the crimes charged were "through acts committed in the State of Georgia which intentionally resulted in the aforesaid crimes in Washington County, Pennsylvania."

It is the contention of the respondent in the habeas corpus proceedings that the extradition warrants issued by the Governor of Georgia were properly issued under Section 6 of the Uniform Criminal Extradition Act, adopted in this State on February 21, 1951, to become effective on March 1, 1951 (Ga. L. 1951, pp. 726, 728; *Code Ann.* § 44-407), which provides: "The Governor of this State may also surrender, on demand of the executive authority of any other State, any person in this State charged in such other State in the manner provided in Section 3 [*Code Ann.* § 44-404] with committing an act in this State, or in a third State, intentionally resulting in a crime in the State whose executive authority is making the demand, and the provisions of this Act not otherwise inconsistent, shall apply to such cases, even though the accused was not in that State at the time of the commission of the crime, and has not fled therefrom."

The present cases are controlled by the ruling of this court in *Jackson v. Pittard,* 211 Ga. 427 (86 SE2d 295). In the *Jackson* case it was held that the petitioner was not a fugitive from justice under the Constitution and laws of the United States, and could not be extradited as such, since the evidence was conclusive that he was not in the demanding State at the time the crime was alleged to have been committed and had not fled therefrom. This ruling followed the full-bench decision of this court in *Dawson v. Smith,* 150 Ga. 350 (103 SE 846). See also Hyatt v. People ex rel. Corkran, 188 U. S. 691 (23 SC 456, 47 LE 657). It was further held in *Jackson v. Pittard,* supra:

"If it be contended that, even though the warrant of the Governor of Georgia recites that it was issued in accordance with an act of Congress passed in 1793, . . . and even though the petitioner does not come within the terms of that act, it is still a valid warrant under the terms of an act of the General Assembly of Georgia passed in 1951 (Ga. L. 1951, p. 726 et seq., and especially sec. 6 thereof)—the answer is that this record shows conclusively that this extradition proceeding does not purport to come within the terms of that act."

The same factual situation exists in the present cases as in *Jackson v. Pittard,* supra. The extradition warrants purport to be issued under the authority of the Act of Congress of 1793, and not under the Uniform Extradition Act of 1951. The requisitions of the Governor of Pennsylvania and the supporting documents conclusively show that the crimes are alleged to have been committed in Georgia, and not in Pennsylvania. The petitioners are not fugitives from justice under the Act of Congress of 1793, and can not be extradited as such.

*Judgments reversed. All the Justices concur.*