26044. COLLINS v. STYNCHCOMBE, Sheriff.

FELTON, Justice. A court in the asylum State has three issues before it in examining any extradition by way of habeas corpus: (1) whether a crime has been properly charged in the demanding State; (2) whether the fugitive in custody is the person so charged; and (3) whether the fugitive was in the demanding State at the time the crime alleged was committed. Johnson v. Matthews, 182 F2d 677, 679, cert. denied 340 U. S. 828; Sweeney v. Woodall, 344 U. S. 86 (73 SC 139, 97 LE 114); Tucker v. Donovan, 321 F2d 114; Woods v. Cronvich, 396 F2d 143 (5th Cir., 1968). It is fundamental to our Federal system that neither the courts of the asylum State nor Federal courts sitting in that State seek to determine the constitutionality of incarceration in the demanding State from which a fugitive has fled. Sweeney v. Woodall, supra.

Accordingly, where the appellant escaped from a Texas prison, where he was serving a life imprisonment sentence imposed by the Texas courts under that State's recidivist statutes, and where all of the above three issues were admitted adversely to the appellant and were not raised in the present case, the Superior Court of Fulton County, Ga., did not err

in its judgment refusing to pass on the constitutionality of appellant's sentence and in denying the writ of habeas corpus.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 17, 1970—DECIDED OCTOBER 8, 1970.

*John Kirby, Andrew A. Smith,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Carter Goode,* for appellee.