## 27143. DeBUSSCHERE v. RUTLEDGE.

JORDAN, Justice. This is an appeal from an order denying release after a hearing on a writ of habeas corpus following arrest and detention on an executive warrant for extradition to Alabama on a charge of grand larceny in that State. The order of the trial judge recites that he examined the papers requesting extradition and found them in order, that the petitioner admitted he was in Alabama at the time of the incident, and "that any further evidence offered by the plaintiff that no crime had been committed in the demanding state, that is the State of Alabama, and on other issues raised in his application for habeas corpus is not relevant." *Held:*

1. Except to ascertain identity of the person held as the person accused of crime in another State, it is not the function of habeas corpus to examine guilt or innocence after a proper demand has been presented to the Governor of this State. Ga. L. 1951, pp. 726, 733 (*Code Ann.* § 44-420). Evidence to the effect that no crime was committed involves guilt or innocence, and there being no issue of identity in the present case, it being admitted in the application that the petitioner is the person named in the papers, there was no reason for the trial judge to hear evidence of this nature.

2. While the issues of whether the person is a fugitive and whether there is a proper demand for his extradition are proper subjects of judicial inquiry, the record fails to support the contentions of ·the petitioner in this respect, there being no transcript of the hearing and nothing to disclose that the petitioner actually made any offer of proof which the trial judge refused to hear to show that in fact he was not a fugitive from Alabama and that in fact there was not a proper demand to the Governor of this State. We do not regard the statement of the habeas corpus judge in his order "that any further evidence offered by the plaintiff . . . on other issues raised in his application . . . is not relevant" as sufficient to show that he arbitrarily and summarily rejected any proffered testimony or other evidence to show that the petitioner was not a fugitive or that a proper demand was not made.

*Judgment affirmed. All the Justices concur.*
SUBMITTED APRIL 10, 1972—DECIDED MAY 3, 1972.

*Grogan, Jones & Layfield, James A. Elkins, Jr.,* for appellant.
*William J. Smith,* for appellee.

