## 27309. SMITHWICK v. OLSON et al.

GUNTER, Justice. This appeal involves the extradition of appellees to the State of North Carolina under the Uniform Criminal Extradition Act, Ch. 44-4 of the Georgia Code.

On January 5, 1972, the Governor of North Carolina demanded of the Governor of Georgia that the latter have the appellees arrested and delivered to the Executive Authority of North Carolina pursuant to the provisions of said Act. The papers required by the Act were in order, and the Governor of Georgia complied with the demand of the Governor of North Carolina.

The appellees were then taken into custody by the appellant, they were released on bond pending a habeas corpus hearing as provided for in *Code Ann.* § 44-411, and such a hearing was applied for and conducted on February 18, 1972. Following the hearing the trial judge discharged the appellees from the custody of the appellant and ordered that their cash bonds be refunded. The

appellant has appealed, contending that the trial judge's order was erroneous.

The appellees have filed a motion in this court to dismiss the appeal on the ground that the appellant did not include his enumeration of errors in his brief. The motion to dismiss is without merit and is denied.

The record in this case shows that the extradition papers emanating from North Carolina and the papers issued by the Governor of Georgia were in order and in compliance with the Act; and the record shows that the appellees were the actual persons charged with having committed a crime in North Carolina as described in the extradition papers.

The evidence of the appellees submitted at the hearing was in support of their contention that they were not guilty of the offense charged or was in mitigation of the offense charged. Such evidence is not relevant or material in a hàbeas corpus extradition hearing. *Code Ann.* § 44-420 provides that the guilt or innocence of the accused of the crime with which he is charged may not be inquired into by the Governor or *in any proceeding* after the demand for extradition accompanied by the proper papers has been presented. See also in this connection the case of *Collins v. Stynchcombe,* 226 Ga. 776 (177 SE2d 682) (1970).

The record in this case clearly shows that the appellant established a prima facie case for extradition to North Carolina; the record shows that the appellees presented no evidence to rebut the prima facie case established by the appellant; and the record clearly shows that the evidence submitted at the hearing demanded a judgment in favor of the appellant.

The judgment below was erroneous, and it is reversed with direction that the trial court enter a judgment remanding the appellees to the custody of the appellant for extradition to North Carolina in accordance with the extradition papers.

*Judgment reversed with direction. All the Justices concur.*

ARGUED JULY 11, 1972—DECIDED SEPTEMBER 7, 1972—
REHEARING DENIED SEPTEMBER 25, 1972.

*Lewis R. Slaton*, District Attorney, *James H. Mobley, Jr., Joel M. Feldman, Morris H. Rosenberg*, for appellant.
*Stack, O'Brien & Neely, Donald E. O'Brien, David J. Keeler*, for appellees.