28507. STRAUB v. SANDERS.

MOBLEY, Chief Justice. The Governor of Georgia honored the demand of the Governor of Pennsylvania to extradite Theodore W. Straub, who was charged in the State of Pennsylvania with the crimes of assault and battery, assault with intent to kill, and assault with intent to maim. Straub applied for writ of habeas corpus, and after a hearing on the writ, he was remanded to the custody of the respondent. He appeals from this judgment.

The appellant made no contention that there was not a proper demand for his extradition, but contended that he was not in the State of Pennsylvania on April 13, 1973, the date of the alleged crimes. He presented the depositions of Mr. and Mrs. Melvin Dean, his own testimony, and that of his mother, Mrs. Alice Adams Straub, to prove that he was at the home of the Deans in Floyd County, Georgia, on the date of the alleged crimes.

The victim of the alleged crimes was Carol Lee Straub, the estranged wife of the appellant. She testified at the habeas corpus hearing that the appellant was the person who assaulted her on April 13, 1973, in Media, Pennsylvania. Robert Pittman, who lived in an apartment adjoining that of Mrs. Straub testified that on that date he saw a man leaving the scene of the assault, and that the appellant was that person.

The appellant in his brief concedes that the evidence was in conflict as to whether he was in the demanding state at the time of the alleged crimes, but he contends that the case should not have

been tried under the prevailing rules of evidence in habeas corpus proceedings and he "submits that the burden of proof should be on the demanding state to prove at least by a preponderance of the evidence that the accused was in the demanding state at the alleged time of the commission of the crime."

The question of the guilt or innocence of the alleged fugitive from justice is not a proper subject matter of inquiry in a habeas corpus proceeding in which the alleged fugitive resists extradition. Code Ann. § 44-420 (Ga. L. 1951, pp. 726, 733); *DeBusschere v. Rutledge,* 229 Ga. 128 (189 SE2d 397); *Smithwick v. Olson,* 229 Ga. 494 (192 SE2d 337). The rules of evidence in criminal cases are therefore not applicable in such proceedings.

In the present case there was convincing evidence before the habeas corpus court that the appellant was in Pennsylvania at the time the alleged crimes were committed, and it was not error to remand him to the custody of the respondent.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 16, 1974 — DECIDED FEBRUARY 6, 1974.

*Holcomb & McDuff, Frank D. Holcomb, Terry E. Willis,* for appellant.

*George W. Darden, District Attorney, Philip J. O'Malley, David L. G. King, Jr., Assistant Attorney General,* for appellee.