## 31652. STYNCHCOMBE v. RHODES.

INGRAM, Justice.

The Sheriff of Fulton County appeals from an order of the superior court of that county which determined that the respondent was entitled to be discharged from an extradition warrant issued by the Governor of Georgia for the surrender of the respondent to the State of Tennessee for trial in connection with a robbery alleged to have been committed in that state.

After the Governor of Georgia honored the demand of the State of Tennessee to extradite the respondent, a petition for a writ of habeas corpus was filed on behalf of the respondent and a hearing was held in Fulton Superior Court. The respondent contended that he was not in the State of Tennessee at the time the alleged robbery took place in that state. The trial court held that "the state has the burden to show, by a preponderance of evidence, that petitioner was in the demanding state at the time the alleged crime was committed. The evidence being equally balanced in the mind of the court, the state has failed to carry its burden, and the writ will be granted. . ."

We reversed. In *Straub v. Sanders,* 231 Ga. 674 (203 SE2d 862) (1974), the habeas petitioner, who was sought to be extradited by the State of Pennsylvania, contended that "the burden of proof should be on the demanding state to prove at least by a preponderance of the evidence that the accused was in the demanding state at the alleged time of the commission of the crime." In answer to that contention, Chief Justice Mobley, writing for a unanimous court, said: "The question of the guilt or innocence of the alleged fugitive from justice is not a proper subject matter of inquiry in a habeas corpus proceeding in which the alleged fugitive resists extradition [citing statutory and case authority]. The rules of evidence in criminal cases are, therefore, not applicable in such proceedings." 231 Ga. at p. 675.

We follow *Straub* in holding here that it was incumbent upon the petitioner in this habeas corpus proceeding to persuade the trial judge, by a preponderance of the evidence, that the petitioner was not in the State of Tennessee at the time the alleged robbery

was committed. Since the trial judge based his decision upon the erroneous theory of law that this burden rested on the state, the judgment of the trial court will be reversed and the case remanded for such additional proceedings as that court may determine to be necessary and appropriate for a disposition of the case.

*Judgment reversed and remanded. All the Justices concur.*

ARGUED NOVEMBER 9, 1976 — DECIDED DECEMBER 1, 1976.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney,* for appellant.
*Joe Salome,* for appellee.