## 31654. SMITH v. STYNCHCOMBE.

JORDAN, Justice.

Appellant brought a habeas corpus action to contest the legality of his pending extradition. He appeals the order of the trial court remanding him to the custody of respondent for extradition to the State of Florida.

He alleges only one error below: that respondent failed to prove that appellant is the person sought by, and named in, the warrants of extradition. See *Collins v. Stynchcombe,* 226 Ga. 776 (177 SE2d 682) (1970).

Appellant has apparently changed his position since the hearing below. The transcript reveals that at the conclusion of the hearing counsel for appellant stated to the court: "I agree with the District Attorney in that this is definitely the man that the State of Florida seems to want." After a review of the transcript we fully agree with this statement.

Appellant's argument that evidence of the commission of a crime in the demanding state is *required* to establish identity is without merit. *DeBusschere v. Rutledge,* 229 Ga. 128 (189 SE2d 397) (1972), relied on by appellant does not support his argument. That case merely dealt with the circumstances under which evidence of whether a crime was in fact committed would, or might, be relevant. Nothing in that case implies that such evidence is ever *required,* especially where, as here, there is independent evidence of identity.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 15, 1976 — DECIDED JANUARY 28, 1977.

*DeVille, Levine & Lerow, Raoul Lerow,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney,* for appellee.