## 32954. BATTON v. GRIFFIN.

HALL, Justice.

North Carolina is seeking to extradite appellant, a 15-year-old female, for proceedings arising out of two murders in that state. No arrest warrant or indictment

accompanied the requisition, only two "Juvenile Petitions" and "Detention Orders." So far as we can tell, no determination of probable cause to arrest petitioner was made by any magistrate in North Carolina, and none is necessary for the issuance of these documents under the law of that state. N.C.G.S. §§ 7A-281(3), 7A-286.

The Fourth Amendment to the United States Constitution requires that a determination of probable cause to arrest be made by a neutral magistrate before pre-trial interstate extradition. Ierardi v. Gunter, 528 F2d 929 (1st Cir. 1976). See Gerstein v. Pugh, 420 U. S. 103 (1975).

We recognize the constitutional standing of extradition under the Federal Constitution, and the fact that extradition was intended to be "a summary executive proceeding." See the discussion in Garrison v. Smith, 413 FSupp. 747 (N. D. Miss. 1976). We also recognize "the interests of comity in transactions between sister states, and of efficiency in bringing to justice criminals who have fled interstate." Ierardi v. Gunter, 528 F2d at 930. (Footnotes deleted.)

Nevertheless, the Fourth Amendment requires that a state "must provide a fair and reliable determination of probable cause as a condition for any significant pre-trial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." Gerstein v. Pugh, 420 U. S. at 125. Extradition inevitably involves a significant period of restraint of liberty by the asylum state, and where that process is sought before trial, a determination that there is probable cause to arrest must be made before extradition is completed. Ierardi v. Gunter, 528 F2d at 930.

This determination of probable cause to arrest may be made in the demanding state. Ierardi v. Gunter, 528 F2d at 931. Unless a state's procedure is dramatically different from the common law, a determination of probable cause to arrest is necessarily made when an indictment is returned by a grand jury, or when an arrest warrant is issued by a magistrate. Thus if a copy of either an indictment or an arrest warrant accompanies the requisition, no further determination of the existence of probable cause to arrest will be made by this state, for in

the interest of comity and the expeditious administration of justice we will rely on the official representation that probable cause to arrest has been constitutionally found by the demanding state. *Smithwick v. Olson,* 229 Ga. 494 (192 SE2d 337) (1972). Cf. Ierardi v. Gunter, 528 F2d at 931.

But in this case no arrest warrant was issued, and no indictment was returned. North Carolina proceeded by a statutory procedure applicable to juveniles which does not appear to require any determination of probable cause to arrest as a prerequisite to the issuance of the documents accompanying the requisition. Compare N.C.G.S. §§ 7A-281, 7A-286 (3), with N.C.G.S. § 7A-280. As far as we can tell, no determination of probable cause was in fact made. Indeed, the statute under which the state proceeded provides procedures for children which are "different in purpose and philosophy from the procedures applicable to criminal cases involving adults." N.C.G.S. § 7A-277.

Thus, we find that appellant cannot be extradited on the basis of the record before this court.[1] This does not preclude extradition at a later date once a determination of probable cause to arrest has been made.

Under Code Ann. § 44-413 an arrest warrant may be issued by a judge or magistrate of *this* state based on a determination of probable cause to arrest for a crime committed in another state. A finding of probable cause may be made on the basis of affidavits originating in the demanding state, in an informal proceeding. Code Ann. § 44-413. Cf. Gerstein v. Pugh, 420 U. S. at 120-122. Thus, the demanding state may have probable cause determined locally, or in this state, and pending that determination there are procedures available to prevent further flight. Code Ann. § 44-414.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

Submitted November 4, 1977 — Decided January 3, 1978.

---

[1] Appellant is being held on Georgia charges, therefore we do not order her discharge.

*Alexander L. Zipperer, III,* for appellant.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.