24088. BEARDEN v. STATE OF GEORGIA.

DUCKWORTH, Chief Justice. An arrest may be made without a warrant upon reasonable information that the accused stands charged in another State with a crime punishable by

death or imprisonment for a minimum of one year, but he must be carried before a judge or magistrate with all speed and complaint must be made against him under oath. *Code Ann.* § 44-414 (Ga. L. 1951, pp. 726, 731). This was done in this case. Then Section 15 of the Uniform Criminal Extradition Act (*Code Ann.* § 44-415; Ga. L. 1951, pp. 726, 731) provides that if the examination before the judge or magistrate shows that the person held is the one charged, that he fled from justice, the judge must by warrant reciting the accusation commit him to the county jail for such time not exceeding 30 days and specified in the warrant as will enable the arrest of the accused to be made under a warrant of the governor on a requisition from the executive authority of the state from which he fled. It is then provided in Section 17 of the Act (*Code Ann.* § 44-417; Ga. L. 1951, pp. 726, 732) that if the accused is not arrested under a warrant of the governor by the expiration of the time stated in the warrant, the judge or magistrate may discharge him or may recommit him for a further period of not exceeding 60 days.

In the present case the warant issued by the justice of the peace on February 21, 1967, recites that upon examination before him the person held is the person charged with escape in the State of South Carolina and committed him to be held in the jail of Stephens County until such date as will enable his arrest to be made under the warrant of the governor. The habeas corpus petition was filed on March 18, 1967, and a hearing thereon was set for March 25, 1967, wherein it was shown that the requisition papers were in the hands of the governor of this state and the accused had requested a hearing before the governor before his warrant issued. Under these circumstances it was not error to refuse to release the accused and leave him in custody.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 8, 1967—DECIDED MAY 18, 1967.

*Irwin R. Kimzey,* for appellant.
*Herbert B. Kimzey, Solicitor General,* for appellee.