### 28405. GRAHAM v. THE STATE.

GUNTER, Justice. This is an appeal from an adverse habeas corpus judgment, the application for the writ having been made pursuant to the terms of the Uniform Criminal Extradition Act, Code Ann. § 44-411.

The record shows that the appellant was previously convicted of a crime in Tennessee, but that the sentence following conviction had never been served because appellant was serving another sentence in the federal penitentiary in Atlanta, Georgia. The appellant was released from the federal penitentiary in June of 1971 and has since resided in Georgia.

Extradition proceedings were instituted by the State of Tennessee in December of 1972, the Governor of Georgia's warrant was issued on January 3, 1973, and the habeas corpus hearing was conducted in Fulton Superior Court on January 16, 1973. The habeas court found as a matter of fact that appellant was the person named in the Governor's warrant and accompanying documents, that the appellant was a fugitive from the State of Tennessee, and that the extradition documents were in proper form and uncontroverted by the appellant. The judgment was to

the effect that the application was without merit.

The appellant's motion for a new trial as amended was overruled.

Appellant contends here that a misdemeanor conviction is not extraditable under the Uniform Criminal Extradition Act. This contention is without merit. Code Ann. § 44-403 provides that extraditable offenses are "treason, felony or other crime."

Appellant's second enumerated error is as follows: "The court erred in denying petitioner's writ of habeas corpus on the grounds that where the facts are that the State of Tennessee failed to send the extradition warrant in June of 1971, after he was arrested and posted bond, and then waited a year and a half to send said warrant, and this being only a misdemeanor conviction and the petitioner had obtained work, married and now has a family, and has incurred obligations, law and equity compels that the writ be granted due to the delay."

With respect to this second contention the habeas corpus court held: "Even if the evidence produced before this court is sufficient to support the allegations of Paragraph 2 of the petition, such would not act as a bar to the extradition proceedings now before this court."

Having reviewed this record, we agree with the trial court. The appellant was subject to extradition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 2, 1973 — DECIDED FEBRUARY 18, 1974 — REHEARING DENIED MARCH 8, 1974.

*Glenn Zell*, for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Carter Goode*, for appellee.