## 28978. BURTON v. STYNCHCOMBE.

UNDERCOFLER, Justice.

The Governor of Michigan sought the extradition of James William Burton for trial in that state for the offenses of fraudulent detention or use by a subcontractor of building contract funds and fraud by false pretenses. Burton filed a writ of habeas corpus in the Fulton County Superior Court and contended that the extradition proceeding was an endeavor to use the criminal process for the collection of civil debts. The trial court found that there was no merit in the habeas corpus application. The appeal is from that judgment. *Held:*

"The courts of the asylum state can not, upon a writ of habeas corpus, inquire into the guilt or innocence of the accused. No such jurisdiction is given them by law; and it would be a manifestly unwise provision if authority to investigate such a question were conferred on a tribunal that had no power to compel the attendance of witnesses who resided in another state, and whose testimony would be necessary to throw light on the issue. Upon the hearing of the present case, petitioner introduced evidence for the purpose of showing that the prosecution was not in good faith, but was instituted for the purpose of collecting a debt. This evidence could only be insisted on as a circumstance throwing light upon the guilt or innocence of the prisoner. We think, therefore, it was clearly inadmissible, and that the judge erred in undertaking to inquire into the motive and purpose of this prosecution." *Barranger v. Baum,* 103 Ga. 465, 473 (30 SE 524).

It follows that the trial court properly denied the application for the writ of habeas corpus.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 21, 1974 — DECIDED
JULY 9, 1974.

*King, Thurman & Bonner, Marjorie C. Thurman,* for

appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye,* for appellees.