## 29613. GILSTRAP v. WILDER.

HALL, Justice.

Gilstrap, now released from Georgia prison sentences but subject to the Georgia Governor's warrant for his extradition to Virginia to answer an indictment there for conspiracy to distribute drugs, seeks habeas corpus to avoid extradition on grounds that Virginia delayed an unreasonable length of time after indicting him, before bringing a detainer against him while he was in Georgia custody. His claim is that such delay denied him his Sixth and Fourteenth Amendment rights to a speedy trial (see Dickey v. Florida, 398 U. S. 30 (90 SC 1564, 26 LE2d 26)), and thwarted the legislative intent manifested by the Interstate Agreement on Detainers Act (Code Ann. § 77-501b et seq.), (hereinafter, "The Act"), the policy of which is to encourage speedy trials. Following a hearing, the Butts County Superior Court denied the relief requested and ordered that Gilstrap be surrendered to Virginia authorities, finding that the facts adduced by

Gilstrap were not adequate to show that the State of Virginia had denied him speedy trial.

We affirm the judgment for a different reason: The question whether Virginia denied Gilstrap a speedy trial is not an appropriate one for adjudication in this state upon Gilstrap's attempt to avoid extradition. Gilstrap suggests that we enforce the policy of the Act "to *encourage* the expeditious and orderly disposition of such charges . . ." Code Ann. § 77-502b (emphasis supplied), by denying extradition in order to discourage Virginia's tardiness. We will not do so.

This court has written that, "In this habeas corpus hearing to inquire into the restraint of a prisoner held for extradition after the issuance of the Governor's warrant, upon the admission by stipulation that the warrants are regular on their face and the only issue is one of defense which counsel seeks to urge that the State of Alabama has denied the applicant a speedy trial in violation of certain constitutional inhibitions thereby causing him undue and oppressive incarceration and has impaired his ability to defend himself, the court did not err in remanding him to custody and refusing to go into the issue thus raised. [Cits.]." *Bishop v. Huff,* 225 Ga. 156 (166 SE2d 578). Though *Bishop* preceded the Act, which was a legislative response to the requirement of the Dickey decision, nothing in the Act contradicts *Bishop.* Long after the effective date of the Act, in *Graham v. State,* 231 Ga. 820 (204 SE2d 630), on facts similar to these we wrote that we would decline to deny extradition even if Tennessee had unduly delayed in seeking extradition of the Georgia prisoner.

*Bishop* is, essentially, not a decision respecting speedy trial, but a decision respecting the appropriateness of a forum to adjudicate a given issue. As we wrote in explanation of the inappropriateness to extradition of questions of guilt or innocence, "it would be a manifestly unwise provision if authority to investigate such a question were conferred on a tribunal that had no power to compel the attendance of witnesses who resided in another state, and whose testimony would be necessary to throw light on the issue." *Barranger v. Baum,* 103 Ga. 465, 473 (30 SE 524), quoted in *Burton v. Stynchcombe,* 232

Ga. 510 (207 SE2d 493). We have similar fact issues present here but not feasibly justiciable here. Under the standards of Barker v. Wingo, 407 U.S. 514 (92 SC 2182, 33 LE2d 101) one prong of the four-prong test for denial of speedy trial asks for what reason Virginia delayed in placing its detainer on Gilstrap. That question must be answered by Virginia authorities, and there were none before the superior court nor to our knowledge could it have compelled their attendance.

Neither Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484 (93 SC 1123, 35 LE2d 443) nor Kane v. State of Va., 419 F2d 1369 (4th Cir. 1970) is in point on our narrow issue. Neither of those cases concerned a request to the courts of an asylum state to refuse extradition to a demanding state for the asserted reason that the demanding state had denied the prisoner a speedy trial.

This is a question for the Virginia courts, wherein Gilstrap has the same Sixth and Fourteenth Amendment rights he has here.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 12, 1975 — DECIDED MARCH 17, 1975.

*Worozbyt & Beskin, Theodore S. Worozbyt,* for appellant.

*Edward E. McGarity, District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.