## 29774. WHEELER v. STYNCHCOMBE.

UNDERCOFLER, Presiding Justice.

On October 25, 1974, William A. Wheeler filed an application for the writ of habeas corpus which alleged that he was being unlawfully detained. He complains that he was arrested on the basis of a telephone call from South Carolina stating that there was in existence a criminal warrant charging him with certain offenses. He was arrested on Friday, October 18, 1974.

The record shows that a commitment hearing was held on Monday, October 21, 1974. The court found that the applicant should be committed to jail pending arrest on the warrant of the Governor of Georgia on a requisition of the executive authority of South Carolina or that he give bond in a stated amount conditioned on his appearance at the extradition hearing.

The Governor of Georgia issued his warrant for the arrest of the applicant on November 25, 1974, and attached thereto the requisition and supporting documents from South Carolina.

On December 9, 1974, the habeas corpus court found that the extradition of the applicant was procedurally proper and that the Governor's warrants and supporting documents clearly alleged that the applicant was present in South Carolina at the time of the offenses. The appeal is from this judgment. *Held:*

1. Code Ann. § 44-414 provides that an arrest may be

made without a warrant upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year but he must be carried before a judge or magistrate with all practicable speed and complaint must be made against him under oath setting forth the ground for the arrest. Ga. L. 1951, pp. 726, 731.

The appellant argues that he was denied due process of law because he was arrested without a warrant and not taken before an officer for a warrant to be issued as provided in Code Ann. § 27-212 (Ga. L. 1956, pp. 796, 797).

There is no merit in this contention. Under the provisions of the Uniform Criminal Extradition Act, cited above, the appellant was not denied due process of law. The provisions of Code Ann. § 44-414 were followed and he was taken before a judge for a commitment hearing on Monday after his Friday arrest. We hold that this is "all practicable speed." *Bearden v. State,* 223 Ga. 381 (155 SE2d 5).

2. The requisition of the Governor of South Carolina charges the appellant with the crimes of "drawing and uttering fraudulent checks and obtaining property under false tokens or letters." The requisition states: ". . . it has been *represented to me* that such Fugitive was present in this State at the time of the commission" of such crimes. (Emphasis supplied.)

The appellant argues that the emphasized language is insufficient to allege that the appellant was in that state at the time of the commission of the crimes. The supporting documents attached to the requisition clearly allege that the appellant was in that state at the time the crimes were committed. It follows that there is no merit in this contention.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 24, 1975 — DECIDED APRIL 22, 1975.

*Scott Walters, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney,* for appellee.