## 32121. MITCHELL v. DODD.

HALL, Justice.

This is an appeal from the dismissal of a writ of habeas corpus which sought appellant's release from extradition proceedings initiated by New Hampshire.

The appellant was arrested in Gwinnett County

pursuant to a fugitive warrant on October 30, 1976. Requisition papers demanding the appellant's extradition to New Hampshire on an escape charge were subsequently forwarded to the Governor of Georgia. A governor's warrant was issued against the appellant on January 3, 1977. On December 17, 1976 appellant filed his petition for habeas corpus relief, alleging that his confinement was illegal for the reason that certain provisions of the Uniform Criminal Extradition Act (Code Ann. §§ 44-404, 44-413 and 44-415) had not been complied with. Appellant's habeas hearing was held on January 12, 1977; his petition was denied.

1. Appellant contends that the extradition papers filed by New Hampshire failed to contain a written allegation that he was present in that state at the time of his alleged escape as required by Code Ann. § 44-404. We find this contention to be without merit.

The question of whether or not the accused was present in the demanding state at the time of the commission of the crime may be ascertained from the demand as well as from the accompanying documents. *Wheeler v. Stynchcombe,* 234 Ga. 240 (2) (215 SE2d 244) (1975). The requisition papers from New Hampshire consisted of the demand from the governor, the extradition application, a copy of the indictment, and an authentication of the indictment. The authenticated indictment, incorporated into the demand by reference, specifically charged the appellant with the crime of escape in New Hampshire on February 20, 1976. We find that where a requisition for extradition incorporates by reference an attached authenticated copy of an indictment of the demanding state, specifically charging the relator with having committed a crime in that state on a day certain, and where the requisition asserts that the relator fled from the demanding state, the requisition has sufficiently averred that the relator was in the demanding state at the time the crime was committed. See Com. ex rel. Heiss v. Ruch, 384 Pa. 36 (2) (119 A2d 237) (1956).

2. Appellant's second enumeration of error, alleging noncompliance with Code Ann. §§ 44-413 and 44-415, is without merit based on our ruling in Division 1.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Ingram and Hill, JJ., concur.*

ARGUED MARCH 21, 1977 — DECIDED
APRIL 20, 1977.

*Tyrus Atkinson, Jr., J. Richard Edwards,* for appellant.

*Bryant Huff, District Attorney, Parks Samuel Huff, Assistant District Attorney,* for appellee.