## 33065. WARD v. JARVIS.

MARSHALL, Justice.

This is an appeal from the denial of an application for habeas corpus which sought the appellant's release from extradition proceedings initiated by Alabama.

1. The appellant contends that the previous dismissal of the fugitive warrant under which he was arrested, and his consequent discharge — by the superior court judge before whom he was brought pursuant to the provisions of Code Ann. § 44-411, because no word concerning the case had been received from the demanding state during the initial 30-day period since his arrest — precluded his subsequent arrest pursuant to governors' warrants. This contention is without merit. The appellant was not subjected to double jeopardy, because the previous dismissal was not an adjudication of the merits of his case. The dismissal of the fugitive warrant after the initial 30-day period has no effect on the applicability of the governor's warrant. In the instant case, the arrest on the governor's warrant occurred within 60 days of the appellant's arrest on the fugitive warrant. See Code Ann. § 44-417 (Ga. L. 1951, pp. 726, 732). Even if the fugitive warrant had not been dismissed until the end of the full 90-day period, moreover, the governor's warrant still authorized arrest after that time period. *Graham v. State,* 231 Ga. 820 (204 SE2d 630) (1974).

2. The appellant also contends that the writ of habeas corpus should have been granted based on testimony adduced at the habeas corpus extradition hearing, to the effect that the appellant was not within the State of Alabama on the date the alleged crime was committed. The requisition papers from the demanding state included an authenticated indictment specifically charging the appellant with the crime of assault with intent to rob on a certain date, which was a sufficient averment that the relator was in the demanding state at the time the crime was committed. *Mitchell v. Dodd,* 238 Ga. 638 (1) (235 SE2d 15) (1977). It was incumbent upon the petitioner in this habeas corpus proceeding to persuade the trial judge, by a preponderance of the evidence, that the petitioner was not in the demanding

state at the time the alleged assault with intent to rob was committed. *Stynchcombe v. Rhodes,* 238 Ga. 74 (231 SE2d 63) (1976) and cit. In the instant case the appellant produced one witness other than himself who testified that the appellant was in Georgia on the date the alleged crime was committed, whereas the state brought a witness from Alabama who testified that the appellant was in Alabama on the date in question. This was not a preponderance of evidence such as would demand a grant of the writ of habeas corpus.

The denial of the writ of habeas corpus is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 9, 1977 — DECIDED FEBRUARY 7, 1978.

*Larry L. Chrietzberg, James R. Venable,* for appellant.

*Randall Peek, District Attorney, Madeline S. Griffin, Assistant District Attorney,* for appellee.