## SANDERS *v.* McHAN, Warden.

WYATT, Justice. E. L. Sanders was convicted in Richmond County Superior Court of four crimes, and was sentenced to serve a minimum of two years and a maximum of ten years in each case, the sentences to run consecutively. On the 28th day of June, 1945, he was again sentenced by the Judge of the Superior Court of the Griffin Circuit to serve four years for the offense of escape. Later he escaped again, and was arrested and placed in the city jail by C. J. Wilson, Chief of Police of the City of Augusta. He thereupon filed a petition for the writ of habeas corpus with the Judge of the City Court of Augusta. On June 1, 1949, the Judge of the City Court of Augusta sustained the petition for the writ of habeas corpus, holding that all sentences imposed upon Sanders were void, for the reason that he had, in the trial of each of the cases, been denied his constitutional rights as provided for in the Fourteenth Amendment to the Constitution of the United States and in article 1, section 1, paragraph 5 of the Constitution of Georgia. In this proceeding, it appears that C. J. Wilson filed no formal answer, and that upon the date of the hearing of the habeas corpus proceeding in Augusta, an Assistant Attorney-General of Georgia and a representative of the State Board of Corrections of Georgia appeared, "and produced before the court certain documents, which they contended were abstracts of the sentences that had been imposed upon applicant, but there was no response filed in writing, either by C. J. Wilson, Chief of Police, nor anyone representing the State Board of Corrections of Georgia, or any other department of government." The petitioner was present at the time of the hearing. Thereafter, E. L. Sanders filed another habeas corpus proceeding with the Superior Court of Charlton County against M. C. McHan, Warden of the Public Works Camp in Charlton County, Georgia, alleging that he was being held illegally by said warden by virtue of certain sentences held to be void by the Judge of the City Court of Augusta on June 1, 1949. The date this petition was filed does not appear, but the petition was sworn to on July 1, 1949. Upon the trial of this case, it was agreed that it would be tried upon the record of the previous case before the Judge of the City Court of Augusta, and that record was introduced in evidence. There was also introduced in evidence a State warrant issued by the State Board of Corrections, dated May 26, 1949, alleging the convictions and sentences hereinbefore detailed, and that Sanders had

escaped, as authority under which McHan had retaken Sanders. There was also introduced an appearance bond, dated April 22, 1949, executed by Sanders, conditioned upon his appearance in the habeas corpus case before the Judge of the City Court of Augusta, approved by "L. W. Cooper, Judge M. C. C. of A." The trial judge on July 20, 1949, denied the prayer of this petition and dismissed the petition. The exception is to this judgment. *Held*:

1. "Where the applicant was held under sentences imposed upon him for violations of the criminal laws of the State in a county different from that in which the habeas corpus was pending, and where the applicant attacked the alternative portions of the sentences upon the ground that they were void, which attack the clerk of the superior court, acting in the place of the ordinary, sustained and rendered judgment discharging the applicant from restraint under such sentences, such judgment, being rendered by a tribunal having jurisdiction of the subject-matter, became conclusive, and the applicant could not be restrained under said sentences after the rendition of such judgment. . . In a second application for the writ of habeas corpus, brought by the applicant in the habeas corpus above referred to, where the sheriff of the county wherein said sentences were imposed set up that he was holding the applicant under said sentences and under two warrants issued by a justice of the peace of his county against the applicant, the judge of the superior court, who heard the second application for habeas corpus, erred in rejecting the proceedings and judgment in the first application for the writ of habeas corpus upon the ground that they were irrelevant and immaterial; but such proceedings and judgment should have been admitted by the judge, and upon such proof the applicant should have been discharged from further restraint under such sentences. . . The principle of the conclusiveness of judgments in habeas corpus cases has been recognized and enforced in both classes of cases. An order or judgment discharging a person in habeas corpus proceedings is conclusive in his favor that he is illegally held in custody, and is res judicata of all issues of law and fact necessarily involved in that result. A person discharged in habeas corpus proceedings can not lawfully be again arrested, imprisoned, restrained, or kept in custody for the same cause, or under the same sentence. McConologue's Case, 107 Mass. 154. So where a probate court discharges a person because no offense was alleged for which he could be prosecuted, its order not only restores him to his liberty, but terminates the pending proceeding against him. In re Crandall, 59 Kan. 671 (54 Pac. 686). The discharge of a party, under a writ of habeas corpus, from the process under which he is imprisoned, discharges him from further confinement under the process. Ex Parte Milburn, 9 Peters (U. S.), 704, 709 (9 L. ed. 280). Where a person has been discharged by a commissioner on a writ of habeas corpus, the sheriff has no authority to rearrest and imprison him upon the same sentence upon which he was imprisoned the first time, and such rearrest is unlawful. In re Crowe, 60 Wis. 349 (19 N. W. 713). See 20 C. J. 178 [§ 200] (2) [§ 201] (b). It is true that the respondents in the two proceedings were different persons, the respondent in the

first writ being the Sheriff of Terrell County, and the respondent in the second writ being the Sheriff of Milton County. These ·persons were not parties in their private capacities, but in their official capacities, as officers of the State and as representatives of the State. The State and the people were represented by these two officers. Besides, such a proceeding has been analogized to a proceeding *in rem.* *Simmons* v. *Georgia Iron & Coal Co.,* supra." *Day* v. *Smith,* 172 *Ga.* 467 (157 S. E. 639). See also *Plunkett* v. *Neal,* 201 *Ga.* 752 (41 S. E. 2d, 157). There being no exception taken by anyone ʼto the judgment before the Judge of the City Court of Augusta, that judgment was binding upon the trial of the instant case. We are not permitted to inquire into the correctness of that judgment. Since it is a final judgment of a court having jurisdiction of the parties and subject-matter, it should have been given full force and effect by the trial judge in the instant case.

2. It is contended that the Judge of the City Court of Augusta was not authorized to discharge Sanders on habeas corpus proceedings, for the reason that he was, at the time, at liberty under bond, and was therefore not in custody. In the first place, this is a question that could, and should, have been raised in that case. In the next place, this contention appears to be without merit. In *Whittle* v. *Jones,* 198 *Ga.* 538, 545 (32 S. E. 2d, 94), this court had under consideration a habeas corpus case in which the judgment of the trial court discharging the petitioner from custody was reversed. While the court there made no specific ruling on the question here raised, because it was considered unnecessary, the following language was used: "After the application for habeas corpus was filed, the judge permitted the applicant to be released on bail, and he gave bond conditioned upon his appearing at the hearing and responding to the judgment of the court thereon. He was therefore released from custody, and was at large under said bond at the time of the habeas corpus trial. He appeared in court, however, and attended said trial, and thereafter remained at liberty under said bond. One of the reasons urged by the respondent's counsel why it was error to discharge the applicant was that he was not in custody at the time the case was heard. We have not dealt with that in the opinion because it was deemed unnecessary." Again this court said in *Brown* v. *Harden,* 150 *Ga.* 99 (1a) (102 S. E. 864): "Where an application for the writ of habeas corpus affirmatively shows on its face that the restraint complained of is legal, the court before whom the writ is made returnable has the power, on demurrer, to dismiss the writ and remand the applicant. *Smith* v. *Milton,* 149 *Ga.* 28 (98 S. E. 607). Nevertheless, where the person detained is before the court, the better practice is to inquire into the cause of the restraint and pass such order as the justice of the case requires. *Simmons* v. *Georgia Iron &c. Co.,* 117 *Ga.* 305 (43 S. E. 780, 61 L. R. A. 739). See also *Plunkett* v. *Hamilton,* 136 *Ga.* 72, 80 (70 S. E. 781, 784, 35 L. R. A. (N. S.) 583, Ann. Cas. 1912B, 1259)."

This language was made use of in a habeas corpus proceeding involving the custody of a child but, in principle, we see no reason why the same rule should not apply in cases involving the legality of restraint of

one charged with crime. True it is that there is no provision of law for bond in habeas corpus proceedings in this State; however, when the parties are before the court, and present in court, we think that the better practice would be for the court to hear and decide the case on its merits, even though the applicant for habeas corpus may have been improperly admitted to bond. It follows that the judgment rendered in this case was error. *Judgment reversed. All the Justices concur.*

No. 16871. NOVEMBER 14, 1949.

*Pierce Brothers,* for plaintiff.

*Eugene Cook, Attorney-General,* and *J. R. Parham, Assistant Attorney-General,* for defendant.