### 25376. DeWITT v. O'NEAL, Sheriff.

FRANKUM, Justice. Appellant filed a petition for habeas corpus seeking his release from custody. It appears from the record that the petitioner was held pursuant to a warrant issued by the Governor of the State of Georgia upon a demand for his extradition by the Governor of the State of Washington. Attached to the demand were properly certified documents showing that the petitioner had been convicted of several different crimes in the State of Washington, and that while he was held in a State hospital in the State of Washington for the purpose of psychiatric examination he escaped, and was apprehended within the State of Georgia. Subsequent to the transmittal of the aforesaid documents there was transmitted to the Assistant Attorney General of the State of Georgia an "Amended Application for Requisition" of the Prosecuting Attorney of Mason County, Washington, together with supporting documents. The letter of transmittal, the amended application for requisition and supporting documents are a part of the record in the case. No amended or supplemental demand over the signature of the Governor of the State of Washington accompanied such amended or supplemental documents. The substance of the petitioner's con-

tentions is that the introduction and reception in evidence of such supplemental documents, without their having been transmitted to the Governor of Georgia by the Governor of the State of Washington, vitiates the original demand for extradition and that the petitioner should therefore be released from custody. No question is presented or raised as to legality or the sufficiency of the documents originally transmitted by the Governor of the State of Washington, and since those documents, together with the demand of the Governor of the State of Washington for extradition, comply in all respects with the requirements of *Code Ann.* § 44-404, it was not error for the trial court to deny the habeas corpus and to remand the petitioner to the custody of the sheriff, for delivery over to the proper authorities of the State of Washington.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1969—DECIDED OCTOBER 8, 1969.

*W. B. Mitchell*, for appellant.
*Stephen Pace, Jr.*, for appellee.