## STATE EX REL. LEON D. WAGNER, JR. v. KERMIT HEDMAN.

195 N. W. 2d 420.

February 25, 1972—No. 43367.

*Terrance S. O'Toole* and *Hamilton E. Cochrane,* for appellant.
*William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent, county sheriff.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order of the district court discharging a writ of habeas corpus in an extradition proceeding.

Petitioner, Leon D. Wagner, Jr., was arrested June 10, 1971, pursuant to a fugitive warrant under Minn. St. 629.13 issued by the St. Paul municipal court upon the complaint of a deputy sheriff stating that the authorities in Denver, Colorado, had issued a warrant for petitioner's arrest on a charge of "Short Check (Felony)." Pursuant to § 629.07 a rendition warrant was issued July 6, 1971, by the governor of Minnesota. This rendition warrant was based on a charge of theft, which was at variance with the charge in the fugitive warrant. This habeas corpus proceeding was then brought under § 629.10 seeking release of petitioner. The findings and order of the court were issued on August 13, 1971, discharging the writ of habeas corpus.

The case raises two questions: (1) Does the variance between the charge in the fugitive warrant and the charge in the rendition warrant invalidate the proceeding? (2) Is there sufficient proof to show that petitioner was in the demanding state at the time of the commission of the alleged offense?

■ With respect to the first question, we think it is enough to say that a rendition warrant issued by the governor of this state pursuant to § 629.07 is presumptive evidence that the person named therein is a fugitive from the justice of the demanding state. In re Sanders, 154 Minn. 41, 191 N. W. 391 (1922); State ex rel. Denton v. Curtis, 111 Minn. 240, 126 N. W. 719

(1910); State ex rel. Arnold v. Justus, 84 Minn. 237, 87 N. W. 770 (1901).

The issuance of a fugitive warrant authorized by § 629.13 is a separate proceeding from the issuance of a rendition warrant. State ex rel. Brown v. Hedman, 280 Minn. 69, 157 N. W. 2d 756 (1968). In Bebeau v. Granrud (N. D.) 184 N. W. 2d 577, 581 (1971), the North Dakota court said:

"The fact that the governor's rendition warrant charges a different crime than that for which he is held under the fugitive warrant is not fatal to the validity of the arrest by virtue of the governor's rendition warrant."

See, also, McClearn v. Jones, 162 Colo. 354, 426 P. 2d 192 (1967).

We are satisfied that the variance between the charge in the fugitive warrant and the charge in the rendition warrant does not justify release of petitioner on habeas corpus.

■ The other question involved presents more difficulty. One of the prerequisites to extradition is that petitioner must have been in the demanding state at the time the alleged offense was committed. In State ex rel. Gegenfurtner v. Granquist, 271 Minn. 207, 208, 135 N. W. 2d 447, 448 (1965), we set forth the requirements of extradition as follows:

"(a)  Are the demand for extradition and the warrant issued in response to it in proper form?

"(b)  Is the criminal charge pending in the requisitioning state adequate to support extradition?

"(c)  Is the person seeking relief from extradition proceedings identical with the person named therein?

"(d)  Was the person confined by virtue of the extradition warrant actually present in the state where the criminal act was committed at the time thereof or, if not, did he perform an act outside of the requisitioning state intentionally resulting in a crime in such state?"

In State v. Limberg, 274 Minn. 31, 142 N. W. 2d 563 (1966), we set forth in more detail what the requirements are with

respect to a valid extradition proceeding. We reiterated much of what was said in Gegenfurtner, but we think the rule in this state is now established in Limberg, and, even at the expense of unduly extending this opinion, we quote what we there said (274 Minn. 35, 142 N. W. 2d 566):

"(a)   Where, as here, the person is described in the demand for extradition as a fugitive from justice rather than as a person charged with 'committing an act in this state, or in a third state, intentionally resulting in a crime in the state, whose executive authority is making the demand,' the presence of the person in the demanding state at the time of the alleged offense was committed is a vital condition to the validity of the extradition proceedings.

"(b)   While, as noted above, the asylum state has no power to inquire into the guilt or innocence of the person whose extradition is demanded, and while proof of absence from the demanding state at the time the alleged offense was committed necessarily involves facts that would constitute an alibi, it is generally held that a person confined pursuant to an extradition warrant may, in a habeas corpus proceeding, assert his absence from the demanding state as a fact defeating the power of the asylum state to render him. There is a distinction, though often subtle, between proof of absence from the state for purposes of negativing the condition of extradition and proof of an alibi as such for purposes of establishing innocence.

"(c)   The bare assertion of the person whose extradition is sought that he was not present in the demanding state will be of no avail in the absence of evidence since the rendition warrant of the governor of the asylum state is itself presumptive or prima facie proof of his presence.

"(d)   Where the person whose extradition is sought does present evidence of his absence from the demanding state, the presumptive effect of the rendition warrant places the burden upon him to prove his absence. That burden is a strenuous one, not being satisfied by a mere preponderance of the evidence, but

requiring evidence that 'clearly and satisfactorily' or 'conclusively' proves absence. Conversely stated, 'the question of alibi is not open for consideration if there is fair evidence that the appellant was at the place of the crime at the time of it.' "

While the stringent requirements for producing evidence of absence are illustrated by many of our prior cases and were followed in the later cases of State ex rel. Lyon v. Peters, 289 Minn. 534, 185 N. W. 2d 272 (1971), and State ex rel. Reed v. Hedman, 289 Minn. 548, 185 N. W. 2d 273 (1971), the test with respect to proof that the petitioner was in the demanding state at the time the alleged offense was committed is established in Limberg, where we said (274 Minn. 37, 142 N. W. 2d 567):

"It is noted that in every case in this jurisdiction where the relator attempted to prove his absence from the demanding state, some contradictory testimony, though at times meager, was presented. This brings us to the precise question presented by this appeal: Is the presumptive effect of the rendition warrant when supported by affidavits accompanying the demand for extradition sufficient in itself to repel the positive testimony of the appellant that he was not present in the demanding state? Stated another way: When the appellant takes the stand, and, while under oath and subject to cross-examination, positively declares that he was not present in the demanding state, must the demanding state present some testimony to contradict that declaration or may it merely rest upon the extradition papers and the affidavits therein?

"We agree that no useful purpose is served by unduly restricting extradition since the ultimate question of guilt or innocence can only be determined in the demanding state. Nevertheless, having in mind the expense, inconvenience, and jeopardy involved in defending against a criminal charge in another state, we hold that where an appellant positively and unequivocally testifies that he was not present in the demanding state at the time of the alleged offense, that state must present some testi-

mony that will be subject to cross-examination by appellant's counsel to support the allegation that he was present. This ruling places but little burden upon the demanding state because our decisions require only slight evidence to support the rendition warrant.

"We note from appellant's petition for habeas corpus that the claim of absence from the demanding state was not clearly stated and perhaps did not give notice to Michigan of his intention to offer testimony on the question. We, therefore, remand this case to the district court with directions to vacate the order discharging the writ and to allow the State of Michigan 30 days from receipt of this court's remittitur to supply the testimony required by this opinion. If satisfactory testimony is supplied within that period, the writ of habeas corpus should be discharged. If satisfactory testimony is not provided within that period, the appellant should be released."

In the present case, it was alleged that the offense for which extradition was requested was committed on July 1, 1970. Petitioner denied unequivocally being in Colorado during or about the time it was alleged in the rendition warrant that the offense was committed. He was supported by his sister and brother-in-law, who testified that he spent all of June and July 1970 and much of the summer in their home in St. Paul. The records of the municipal court of St. Paul show that petitioner was charged with having committed misdemeanors in St. Paul on June 8 and again on June 23. The only evidence even remotely tending to show that petitioner was in Colorado during the time the alleged offense was supposed to have been committed was the testimony of petitioner's father-in-law, Willie Rasberry, with whom petitioner is having difficulty; and the record shows that much animosity exists on the part of this witness. It was not until the trial court assumed the role of questioner that answers were elicited that could conceivably put petitioner in Colorado when the alleged crime was supposed to have been committed. Even then the testimony is so unsatisfactory that we are convinced

it failed to furnish the minimal proof required under our prior decisions to overcome the unequivocal denial of presence in the demanding state at the time the alleged offense was supposed to have been committed. If our decision in Limberg means anything, it must be that upon the alleged fugitive's denial of presence in the demanding state some credible evidence must be produced by the demanding state to rebut such denial. From a reading of the record, we agree with the respondent that "the testimony of Willie Rasberry was not noteworthy either for lucidity or consistency." We think it was so lacking in credibility that it must be held to be insufficient to overcome the positive testimony of petitioner and his supporting witnesses and the other evidence that he was not in Colorado when the alleged offense was committed. We hold that Rasberry's testimony does not satisfy the proof required by Limberg and the other cases cited above.

Petitioner has now been held in jail since June 1971. We can see no justification for this long incarceration in an extradition proceeding. Someone should have taken action to bring the case to a conclusion so that petitioner could be either released or extradited. He should at least have been released on bail.

In view of the unsatisfactory nature of the evidence submitted to show that petitioner was in Colorado at the time this offense could have been committed, he should now be released.

It is therefore ordered that the order discharging the writ of habeas corpus be vacated, the writ be reinstated, and the petitioner be forthwith discharged.