28349. ANDERSON v. ROTH.

Ingram, Justice. The Sheriff of Richmond County appeals from an order of the superior court of that county discharging the appellee from his custody after a habeas corpus hearing. The appellee is a member of the armed forces of the United States, presently stationed at Fort Gordon, Georgia. He was previously stationed at Fort Polk, Louisiana. While in Louisiana, the appellee issued two checks which Louisiana authorities contend are worthless. Extradition proceedings were initiated to return the appellee from Georgia to Louisiana to stand trial for issuing the alleged worthless checks. The appellee contested the legality of his arrest in Georgia for extradition to Louisiana through habeas corpus proceedings and was ordered released by the trial court. The trial court found that the appellee was not a fugitive from justice because the appellee was transferred from Fort Polk, Louisiana, to Fort Gordon, Georgia, pursuant to orders

issued by the United States Army.

We are of the opinion the trial court erred in determining that the appellee was not a fugitive from justice. In *Hanford v. Grimes,* 219 Ga. 136 (132 SE2d 75), the petitioner argued he was not a fugitive from justice because he "did not come into this state voluntarily but was brought here under a sentence in the Federal Penitentiary imposed by a United States district court. . ." This contention was decided adversely to the petitioner seeking release and the rationale of that decision is persuasive in this case. A "fugitive from justice may be defined as a person who, having committed or been charged with a crime in one State, had left its jurisdiction and is found within the territory of another when it is sought to subject him to the criminal process of the former state." King v. Noe, 244 S. C. 344, 347 (137 SE2d 102). "The mode or manner of a person's departure from a demanding state generally does not affect his status as a fugitive from justice and that the fact that his departure was involuntary or under legal compulsion will not preclude his extradition. United States Ex Rel. Moulthrope v. Matus, 2 Cir., 218 F2d 466; Application of Fedder, 143 Cal. App. 2d 103 (299 P2d 881); Brewer v. Goff, 10 Cir., 138 F2d 710. . ." Robinson v. Leypoldt, 74 Nev. 58 (322 P2d 304, 306).

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 15, 1973 — DECIDED NOVEMBER 8, 1973.

*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, B. Dean Grindle, Jr., Assistant Attorneys General,* for appellant.

*Claud R. Caldwell,* for appellee.