29176. HOLLIS v. THE STATE.

GUNTER, Justice.

This appeal is from a habeas corpus judgment that ordered the appellant extradited to the demanding state. The only enumerated error complains that the evidence adduced at the habeas corpus hearing "conclusively showed that petitioner was not in the demanding state of Texas at the time the crime of escape in the state of Texas was alleged to have been committed."

At the hearing an indictment returned by the Harris County, Texas, Grand Jury, filed October 15, 1973, was introduced in evidence. This indictment charged: " . . . That in the County of Harris and State of Texas one Floyd

E. Hollis hereinafter referred to as the defendant, heretofore on or about September 17, 1973 did then and there unlawfully and in violation of Article 353b, Texas Penal Code, escape while a prisoner legally confined in prison."

Also, a Texas law enforcement officer employed in Harris County, Texas, identified the appellant as the person who had escaped from confinement there on or about September 17, 1973.

This evidence was sufficient to support the judgment rendered by the habeas court.

Code Ann. § 44-420 provides: "The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the Governor or *in any proceeding* after the demand for extradition accompanied by a charge or crime in legal form as above provided shall have been presented to the Governor, except as it may be involved in identifying the person held as the person charged with the crime."

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs specially.*

ARGUED SEPTEMBER 10, 1974 — DECIDED OCTOBER 29, 1974— REHEARING DENIED NOVEMBER 18, 1974.

Floyd E. Hollis, *pro se.*
*Fred M. Hasty, District Attorney, Walker P. Johnson, Assistant District Attorney,* for appellee.

INGRAM, Justice, concurring specially.

I concur in the judgment of the court in this case because, as stated in the majority opinion, there is sufficient evidence to support the trial court's determination that the petitioner was present in the demanding state at the time of the commission of the alleged crime.

In my view, Code Ann. § 44-404 requires that the presence of the accused in the demanding state at the time of commission of the alleged crime must be shown in all extradition cases brought under the Uniform Criminal Extradition Act of 1951 except those specified

in Code Ann. § 44-407. This is one of the statutory prerequisites for extradition, and it is separate and apart from the guilt or innocence inquiry proscribed by Code Ann. § 44-420.

Therefore, unless the case falls within the provisions of Code Ann. § 44-407, an extradition defendant who establishes in habeas corpus proceedings that he was not in the demanding state at the time of commission of the alleged crime is entitled to be discharged from the extradition warrant. The evidence presented by the petitioner in the present case falls short and thus the trial court correctly denied habeas corpus relief.