## 32774. RUTLEDGE v. TOLBERT.

NICHOLS, Chief Justice.

This is an appeal by the respondent from a habeas corpus judgment ordering the petitioner released from custody. The petitioner was arrested by virtue of a governor's warrant for extradition to the State of New York on demand of the governor of that state. The petition for habeas corpus alleged that the papers which passed between the governors of the demanding state and asylum state were not legally sufficient and that he was not in the demanding state at the time of the commission of the crime charged, violation of the Controlled Substances Act.

The habeas court, after hearing evidence, found that "the petitioner has shown by uncontradicted and corroborated evidence that he was not in the demanding State, to-wit: New York on the date of the commission of the alleged crime . . ."

The respondent sheriff contends the trial court erred in considering the issue of presence in an application for writ of habeas corpus in an extradition case.

In Justice Ingram's special concurrence in *Hollis v. State,* 233 Ga. 206, 208 (210 SE2d 694) (1974), it was held:

"Therefore, unless the case falls within the provisions of Code Ann. § 44-407, an extradition defendant who establishes in habeas corpus proceedings that he was not in the demanding state at the time of commission of the alleged crime is entitled to be discharged from the extradition warrant."

Code Ann. § 44-407 pertains to acts done in this state, or a third state, which intentionally result in a crime in the demanding state. This exception is not applicable to the facts presented in this case.

The presence of the accused in the demanding state at the time of the alleged crime is a proper matter of inquiry in the habeas court, and there is no merit in appellant's enumeration of error.

*Judgment affirmed. All the Justices concur, except Hill and Bowles, JJ., who concur specially.*

SUBMITTED SEPTEMBER 16, 1977 — DECIDED NOVEMBER 1, 1977.

*E. Mullins Whisnant, District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellant.

*John C. Swearingen,* for appellee.

HILL, Justice, concurring specially.

After being arrested, allegedly on a governor's warrant for extradition to New York, petitioner brought habeas corpus. At the hearing two weeks later, the petitioner was produced but no attorney appeared to represent the respondent or either state. As a consequence, the warrant and other extradition papers, if any, were not even introduced in evidence in this case and thus the record before us does not show any basis for holding the petitioner.

Since we have no extradition papers, we cannot find that the demand for extradition alleged either that the accused was present in the demanding state at the time (which is unknown) of the commission of the alleged crime (which is unknown) as required by Code Ann. § 44-404 or, if not, whether Code Ann. § 44-407 is applicable. However, we clearly cannot find from the record before us

that the trial court erred in releasing the petitioner. I therefore concur in affirming the judgment.

I am authorized to state that Justice Bowles joins in this concurrence.