## 35219. BROUGHTON v. GRIFFIN.

JORDAN, Justice.

This is an appeal from an order denying the appellant's petition for a writ of habeas corpus in an extradition proceeding.

North Carolina sought to extradite the appellant in April 1978. At a habeas corpus hearing on May 5, 1978, appellant testified that he was not in the State of North Carolina on the date of the alleged offenses. In the absence of evidence to the contrary, the petitioner's writ was granted and there was no appeal from that order. Subsequent thereto the Supreme Court of the United States decided the case of Michigan v. Doran, —- U. S. —- (99 SC 530, 58 LE2d 521) (1978) which eliminated the necessity of showing presence in the demanding state at the time the crime was committed.

North Carolina again sought appellant's extradition based on the same charges in the 1978 extradition. Appellant sought release on the ground that the previous ruling was res judicata to any subsequent extradition based on the same set of facts. No additional evidence was presented by either party.

The trial court on May 10, 1979, in a well reasoned opinion, held that the doctrine of res judicata did not apply to the facts of this case and denied the writ, from which this appeal followed. We affirm.

While we recognize that the grant of a writ of habeas corpus is generally to be given res judicata effect in a

subsequent habeas proceeding based on the same issues of law and fact ( *Sanders v. McHam,* 206 Ga. 155 (56 SE2d 281) (1949)), we clearly held in *Harris v. Massey,* 241 Ga. 580 (247 SE2d 55) (1978), that "where a previous writ of habeas corpus in an *extradition* proceeding was granted because of the insufficiency of the supporting documents or other technical defects which may be subsequently corrected, the prior judgment granting the writ of habeas corpus will not be res judicata in a subsequent extradition demand brought to avoid the technical objections fatal to the first proceeding. This holding is in harmony with the majority of decisions from other jurisdictions on this question. See 31 AmJur2d 977, Extradition, § 70; 4 Wharton's Crim. Law and Proc. 411, Extradition, § 1677; 39A CJS 322, Habeas Corpus, § 228; 33 ALR3d 1443; 39 AmJur2d 293, Habeas Corpus, § 161." (Emphasis supplied.)

In its order the trial court pointed out that extradition "does not test the guilt or innocence of the defendant. No double jeopardy can arise out of a decision in an extradition proceeding. Extradition is akin to a preliminary hearing. In a preliminary hearing, if the defendant is discharged for any reason, the State is not barred by res judicata from requesting a Grand Jury to indict the same defendant on the same charge at a later date." The court further reasoned that one who has been released under a habeas corpus petition in an extradition proceeding on the basis that he was not in the demanding state at the time the crime was committed could not claim that as a bar against the demanding state proceeding against him at a later date should he return to that state and be arrested on the same charges.

In Alford v. N. C., 405 F2d 340 (4th Cir. 1968) it was stated that "Res judicata has no place in habeas corpus proceedings . . . Especially is this so when there is reason to reappraise the facts because of the introduction of a new pertinent rule of law." Accord, St. Pierre v. Helgemoe, 545 F2d 1306 (1st Cir. 1976). The trial court was correct in applying the ruling in Michigan v. Doran, supra, which eliminated the requirement that the demanding state must prove that the defendant was in that state at the time the crime was committed. For a case with a similar

factual situation, see Tyler v. Henderson, 322 FSupp. 142 (E. D. La. 1971); where it was said ". . . we believe that there is no legal impediment to this Court considering fully, and de novo, on its merits, the petitioner's application for habeas corpus, even though a similar writ had been previously granted by another Court."

The trial court, having found that all documents before the court were in good order, did not err in denying the appellant's petition for habeas corpus.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 30, 1979 — DECIDED SEPTEMBER 26, 1979.

*John W. Andre, Jr.,* for appellant.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.