## S96A1333. MARINI v. GIBSON.
(478 SE2d 767)

BENHAM, Chief Justice.

This appeal is from the trial court's denial of a habeas corpus petition challenging the legality of extradition proceedings by the State of New Jersey pursuant to the Uniform Criminal Extradition Act, codified at OCGA § 17-13-20 et seq.

Thomas Marini[1] was indicted in New Jersey on charges of theft by failure to make required disposition of property received, N.J.S.A. 2C:20-9, and misapplication of entrusted property, N.J.S.A. 2C:21-15. It is undisputed that Marini was arrested in Pennsylvania and extradited to New Jersey on the charges, and after he was extradited to New Jersey, he was mistakenly released from custody due to an error on the part of the New Jersey Department of Corrections. After his release, Marini was scheduled to appear in a New Jersey superior court regarding the charges. However, he failed to do so, and a bench warrant was issued for his arrest. Marini was subsequently arrested in Pike County, Georgia on unrelated charges of forgery and theft by deception.

While Marini was being held by Georgia authorities, New Jersey began extradition proceedings against him, asserting, inter alia, that he was a "fugitive from justice." Marini filed a habeas corpus petition in the Superior Court of Pike County challenging extradition on grounds that he was not the person named in the extradition request,

---

[1] Marini is also referred to as Thomas Merlo and Thomas DeMarco in the record.

the documents upon which the extradition was based were facially invalid, and he was not a fugitive from justice. See OCGA § 17-13-30. The habeas court denied the petition.

1. Once the governor of the state in which the target of the extradition proceeding is found issues a warrant of rendition, a court in the asylum state considering a petition for writ of habeas corpus filed by the person facing extradition is limited to determining four "readily verifiable" facts (see *Michigan v. Doran*, 439 U. S. 282, 289 (99 SC 530, 58 LE2d 521) (1978)): whether the extradition documents on their face are in order; whether the petitioner has been charged with a crime in the demanding state; whether the petitioner is the person named in the request for extradition; and whether the petitioner is a fugitive from justice. *Johnson v. Mitchell*, 256 Ga. 339 (349 SE2d 186) (1986). On appeal, Marini argues only that the extradition documents demonstrate on their face that he is not a fugitive from justice since the documents state that he was mistakenly released from custody.

As support for his contention that he is not a fugitive from justice, Marini, citing *Derrer v. Anthony*, 265 Ga. 892 (463 SE2d 690) (1995), contends that a person who is released from custody through no fault of his own, is not, as a matter of law or fact, a fugitive from justice. Marini's assertion is misplaced. In *Derrer*, we held that the sentence of a defendant who is released from custody through no fault of his own continues to run while the defendant is at liberty. We were not presented with the issue, nor did we decide, whether that defendant is a fugitive during the period that he was at liberty. Nevertheless, that issue is inapplicable here since the pivotal question whether Marini is a fugitive does not involve the time period after the mistaken release, but involves the time period subsequent to his failure to appear for a court hearing.

A person who is held on the governor's warrant issued in response to a request for extradition is entitled to habeas corpus relief upon establishing that he is not a fugitive from justice. *Jackson v. Pittard*, 211 Ga. 427, 428 (86 SE2d 295) (1955). A "fugitive from justice" is

> "a person who, having committed or been charged with a crime in one state, had left its jurisdiction and is found within the territory of another when it is sought to subject him to the criminal process of the former state."

*Anderson v. Roth*, 231 Ga. 369, 370 (202 SE2d 91) (1973). The extradition documents indicate that Marini was charged with committing two offenses in the State of New Jersey. He was scheduled to appear for a court hearing, and after failing to do so, left the jurisdiction of

New Jersey and was found here in Georgia. The facts clearly support a finding that Marini meets the definition of "fugitive from justice" under *Anderson*. Therefore, we affirm the habeas court on this issue.

2. Marini also contends that he could not have received proper notice of the court appearance because the bench warrant for his arrest was issued on the same date of the hearing and only signed by a deputy clerk of the Superior Court.

"It is not appropriate for the habeas court to look behind the probable cause finding of the demanding state." *Rhodes v. State of North Carolina*, 255 Ga. 391 (338 SE2d 676) (1986). Further, "[o]nce a habeas corpus court has found the extradition papers to be legally sufficient, a further inquiry into a petitioner's statutory and constitutional defenses violates the clear intention that an extradition proceeding be of a summary nature." *Hutson v. Stoner*, 244 Ga. 52, 53 (257 SE2d 539) (1979). Because the extradition papers indicate that Marini failed to appear for a court hearing, and because this Court concludes the papers are legally sufficient under *Johnson*, we decline to delve into the issue of whether he received proper notice of such hearing. Id. Accordingly, we affirm the trial court's denial of Marini's petition for habeas corpus relief.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 25, 1996 —
RECONSIDERATION DENIED DECEMBER 20, 1996.

*Virgil L. Brown & Associates, Virgil L. Brown, Larkin M. Lee, Eric D. Hearn, Bentley C. Adams,* for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney,* for appellee.