S97A0613. BOARD OF PARDONS & PAROLES v. BRIDGES.

(489 SE2d 846)

HINES, Justice.

This is an appeal by the State Board of Pardons & Paroles from an order of the Superior Court of Lamar County granting habeas corpus relief to inmate James C. Bridges, Jr. We affirm issuance of the writ.

In December 1994, and March 1995, Bridges was convicted of felony and misdemeanor charges in Pike and Lamar counties and was sentenced to serve terms amounting to ten years. The Board of Pardons & Paroles granted Bridges parole on April 1, 1996. On June 20, 1996, the Board revoked parole based on its findings that Bridges failed to carry out instructions from his parole officer or other employees of the Board regarding reporting and changing residence, and that Bridges committed terroristic threats in Upson County.

In July of that year, Bridges filed an application for writ of habeas corpus in the Superior Court of Butts County, challenging the findings that he had violated his parole. Following a hearing, the Butts County court granted the writ and ordered Bridges' release from custody on October 3, 1996. The court found that Bridges had substantially complied with the directions of his parole officer, and that there was no evidence of any terroristic threats.[1] It concluded that the parole revocation violated Bridges' rights under the State Constitution and under the Fifth and Fourteenth Amendments. Accordingly, on October 9, 1996, the Board rescinded its revocation order and reinstated Bridges' parolee status.[2]

However, the day after the Butts County court ordered Bridges' release another parole violation warrant issued against Bridges, and on October 11, 1996, Bridges was notified that he was again being charged with violating conditions of his parole by failing to carry out instructions from his parole officer or other employees of the Board regarding reporting and changing residence. Bridges was held in Lamar County based on the preliminary finding of probable cause to believe that Bridges had failed to report.[3] On November 6, 1996,

---

[1] On November 4, 1996, a grand jury for the Griffin Judicial Circuit returned a no bill on the terroristic threats charges.

[2] An appeal from the habeas court's judgment was filed in this Court but was later withdrawn on November 27, 1996. *Turpin v. Bridges* (Case No. S97A0260).

[3] The hearing officer found that there was no probable cause to believe that Bridges had

Bridges applied for the present writ of habeas corpus in the Superior Court of Lamar County. The Lamar County habeas court adopted the factual basis of the Butts County ruling and found that the latest revocation charge was identical to that made against Bridges in all previous warrants and was based on the same facts and evidence from the parole officer. The court concluded that the Board had abused its discretion and violated Bridges' rights under the State and Federal Constitutions. Consequently, it ordered that Bridges be released to supervised liberty as provided by law and that the final hearing in the second revocation proceeding be stayed. Bridges had been in continuous custody under the parole warrants and orders of arrest since April 2, 1996.

The Board argues that the Lamar County court erred in finding that the Board abused its discretion in seeking to revoke Bridges' parole a second time because the court's finding that the second revocation involved the same charge and underlying facts as the first assumes that the Board would not have presented any additional evidence in the second proceeding. By speculating that the Board would produce the same evidence, the habeas court estopped the Board from going forward at all. Further, although the court never expressly used the term "double jeopardy," such a rationale is inherent in its findings and is legal error because the protections of double jeopardy have not been extended to parole revocation proceedings.

The Board's arguments are unavailing. It is undisputed that the alleged incident of failing to report underlying the second parole revocation proceeding is the same event named as a basis of the original revocation, which was found to be unlawful. What is more, the transcript of the habeas hearing in Lamar County belies the Board's claim that it was mere speculation that it would present the same evidence as before. At the habeas hearing, counsel for the Board agreed that the facts to sustain the renewed allegation of parole violation would not differ from what had been presented to the Butts County habeas court.

The Board too fails in its contention that the current ruling was implicitly premised on misplaced notions of double jeopardy. The court stated at the habeas hearing that it was not concerned with double jeopardy. Rather, the court's ruling is sustained under the doctrine of res judicata.[4] See OCGA § 9-12-40. In order for a prior action to bar a subsequent one based on the doctrine of res judicata, the first action must have been adjudicated by a court of competent jurisdiction, there must be an identity of parties and subject matter,

---

violated his conditions of release by changing residence.

[4] Bridges' habeas petition in Lamar County affirmatively pled that the parole revocation issues had already been determined by the Butts County habeas court.

and there must have been a full and fair opportunity to litigate the issues in the first proceeding. *Fowler v. Vineyard*, 261 Ga. 454, 455 (405 SE2d 678) (1991). Here, all three elements are met. There is no question as to the habeas jurisdiction of the Butts County court, or the identity of party or issue. Nor is there any claim or indication that the representative of the State failed to get a full and fair opportunity to present its evidence in that forum. See *Sanders v. McHan*, 206 Ga. 155, 157 (1) (56 SE2d 281) (1949). This Court has long recognized the res judicata effect of the grant of a writ of habeas corpus in a subsequent habeas proceeding based on the same issues of law and fact. *Sanders v. McHan*, supra. See also *Balkcom v. Townsend*, 219 Ga. 708 (135 SE2d 399) (1964); *Mitchem v. Balkcom*, 219 Ga. 47 (131 SE2d 562) (1963); *Wells v. Keith*, 213 Ga. 858 (102 SE2d 533) (1958); *Andrews v. Aderhold*, 201 Ga. 132 (39 SE2d 61) (1946); *Day v. Smith*, 172 Ga. 467 (157 SE 639) (1931); *Perry v. McLendon*, 62 Ga. 598 (1879). Compare *Broughton v. Griffin*, 244 Ga. 365 (260 SE2d 75) (1979).[5] The Lamar County habeas court merely applied the principle and correctly granted relief to Bridges.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 1997.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellant.
*Richard T. Bridges,* for appellee.

---

[5] In *Broughton*, the grant of a writ of habeas corpus was not given res judicata effect in an extradition proceeding as the writ had issued because of technical defects.