S97A2039. ST. LAWRENCE v. BARTLEY.
(495 SE2d 18)

</div>

HUNSTEIN, Justice.

Lakiesha Bartley was arrested and detained in April 1997 by Chatham County Sheriff Al St. Lawrence pursuant to a fugitive warrant issued on the basis of arrest warrants from South Carolina for Bartley's alleged commission in that state of five counts of the criminal offense of deposit account fraud. In July 1997 Bartley filed a petition for habeas corpus alleging that no formal demand or extradition warrant had been received from South Carolina and that she was not a "fugitive from justice." Because the problem with the absent war-

rant was resolved minutes before the hearing, the habeas court addressed only Bartley's claim that she was not a fugitive from justice. The court heard testimony by Bartley that she is a Florida resident who was in Savannah attending college; that other than as a toddler, she had never set foot in South Carolina; that several months before any of the bad checks in issue were written, Bartley's car had been broken into and her identification, a checkbook, and other items were stolen; that shortly thereafter Bartley lost her purse and all of its contents while on campus; that the break-in and loss were reported to police and campus security, respectively; and that because of these matters Bartley notified the Savannah police of her new address when she moved to Atlanta. Bartley's mother testified that her daughter was with her in Florida in December (when some of the bad checks were written), but could not give the precise dates. The State adduced only the extradition warrant. The habeas court granted Bartley's petition for writ of habeas corpus, finding that Bartley was not in South Carolina at the time of the commission of the alleged crimes and thus could not have "fled from justice" from that State. See OCGA § 17-13-23. We affirm.

1. The State contends the habeas court erred by ruling that Bartley was not a fugitive from justice. The habeas court correctly recognized that it was not appropriate for it to look behind the probable cause finding of the demanding state, see *Rhodes v. State*, 255 Ga. 391 (338 SE2d 676) (1986), and that, as the habeas court in the asylum state, it was limited to determining the four "readily verifiable" facts discussed in *Michigan v. Doran*, 439 U. S. 282, 289 (99 SC 530, 58 LE2d 521) (1978) (upholding the constitutionality of the Uniform Criminal Extradition Act, codified in Georgia as OCGA § 17-13-20 et seq.). See *Marini v. Gibson*, 267 Ga. 398 (1) (478 SE2d 767) (1996). See also OCGA § 17-13-23. The only one of those four facts in issue here is whether Bartley was a fugitive from justice,[1] i.e., whether she committed or was charged with a crime in one state, left its jurisdiction, and was found within the territory of another state when it was sought to subject her to the criminal process of the former state. *Anderson v. Roth*, 231 Ga. 369, 370 (202 SE2d 91) (1973).

Pursuant to OCGA § 17-13-23, the demand for extradition recognized by the Governor alleged, inter alia, that Bartley was present in the demanding state at the time of the commission of the alleged crime and that she thereafter fled from the state. The State argues that where these allegations are properly presented by the demand-

---

[1] The other requirements are whether the extradition documents on their face are in order; whether the petitioner has been charged with a crime in the demanding state; and whether the petitioner is the person named in the request for extradition. *Michigan v. Doran*, supra, 439 U. S. at 289.

ing state and accepted by the Governor, an accused like Bartley cannot challenge the factual basis of these allegations in any extradition habeas corpus proceeding in Georgia. The State relies on several opinions issued by this Court which "have led some to conclude that whether the accused was in the demanding state at the time of the commission of the crime is not recognized . . . as a viable issue." *Jenkins v. Garrison*, 265 Ga. 42, n. 6 (453 SE2d 698) (1995). However, those cases are distinguishable from this case for the reasons set forth in *Jenkins*, namely, that they either involved warrants issued pursuant to OCGA § 17-13-25 and its predecessor statute, whereby the surrender of the accused to the demanding state is authorized even though the accused was not within the demanding state at the time the crime was committed, or else involved situations wherein the petitioner was challenging the sufficiency of the evidence to establish probable cause to believe he was in the demanding state at the time of the crime, a challenge foreclosed by *Michigan v. Doran*, supra, 439 U. S. at 289. *Jenkins v. Garrison*, supra. Likewise, the State's reliance on *Marini v. Gibson*, supra, is misplaced as that case is distinguishable because it decided only that an accused, who is present in Georgia after having been mistakenly released from incarceration in the demanding state, qualifies as a "fugitive from justice" for extradition purposes.

Contrary to the State's position, the law is well established that

[a] person who is held on the governor's warrant issued in response to a request for extradition is entitled to habeas corpus relief upon establishing that he is not a "fugitive from justice." [Cit.]

*Marini v. Gibson*, supra, 267 Ga. at 399 (1). Accord *Jenkins v. Garrison*, supra, 265 Ga. at 44.

If [the petitioner] can show that he was not in the demanding State on the day of the commission of the alleged crime, it would be the duty of the court in a habeas corpus proceeding to discharge him. [Cits.]

*Sellers v. Griffin*, 226 Ga. 565, 566 (176 SE2d 75) (1970). A habeas court is not improperly questioning the demanding state's determination of probable cause, weighing an accused's defenses to the charged crime, or deciding the accused's guilt or innocence when it follows the fourth requirement in *Michigan v. Doran*, supra, by deciding whether the petitioner was a fugitive from justice, an inquiry which necessarily entails addressing whether the petitioner was present in the demanding state at the time of the commission of the alleged crime, thereafter left its jurisdiction, and was found in the

territory of this State. See *Anderson v. Roth*, supra, 231 Ga. at 370. See also OCGA § 17-13-23. As has been recognized,

> "[t]here is a distinction, though often subtle, between proof of absence from the state for purposes of negativing the condition of extradition and proof of an alibi as such for purposes of establishing innocence."

*State Ex Rel. Wagner v. Hedman*, 195 NW2d 420, 422 (Minn. 1972). Because the habeas court here carefully limited its review to a determination whether the requirements in *Michigan v. Doran*, supra, had been met and did not improperly expand the scope of the proceedings by inquiring into the legal sufficiency of Bartley's statutory or constitutional defenses, we find no error in the habeas court's inquiry into the limited issue whether Bartley was a fugitive from justice.

In that regard, it is well established that the duly-executed warrant is prima facie evidence that the accused was present in the demanding state at the time of the commission of the crime. See generally *Sellers v. Griffin*, supra, 226 Ga. at 566; *Broyles v. Mount*, 197 Ga. 659 (1) (30 SE2d 48) (1944). It was thus

> incumbent upon the petitioner in this habeas corpus proceeding to persuade the trial judge, by a preponderance of the evidence, that the petitioner was not in the demanding state at the time [of the commission of the crime]. [Cit.]

*Ward v. Jarvis*, 240 Ga. 668-669 (2) (242 SE2d 134) (1978). See *Stynchcombe v. Rhodes*, 238 Ga. 74 (231 SE2d 63) (1976) (petitioner carries burden of proving absence in demanding state by a preponderance of the evidence); see also *Sellers v. Griffin*, supra, 226 Ga. at 566 (person held upon a governor's warrant in extradition habeas proceeding must introduce evidence "sufficient to overcome the prima facie case on the issue"). These cases, applying a preponderance of the evidence standard of review, are consistent with our holdings that the general rules of evidence controlling the weight and sufficiency thereof apply in habeas corpus proceedings, including the burden on the petitioner to prove his case to the satisfaction of the habeas corpus judge by a preponderance of the evidence. *Crawford v. Linahan*, 243 Ga. 161 (1) (253 SE2d 171) (1979).

In the instant case, the habeas court did not clearly err when it found that Bartley was not in the demanding state at the time of the commission of the crimes and thus was not a "fugitive from justice" as our review of the evidence adduced by Bartley shows that she carried her burden of proof by a preponderance of the evidence. Therefore, the habeas court's ruling is affirmed.

2. We find no error in the habeas court's refusal to dismiss Bartley's habeas petition as moot.

*Judgment affirmed. All the Justices concur, except Carley and Thompson, JJ., who concur specially.*

CARLEY, Justice, concurring specially.

I concur in the majority's affirmance of the grant of Ms. Bartley's petition for habeas corpus relief, but I am compelled to write separately so as to explain my reasons for doing so.

As the majority notes, there is a fundamental distinction between an extradition premised upon OCGA § 17-13-23 and an extradition proceeding brought pursuant to OCGA § 17-13-25. By its terms, OCGA § 17-13-23 requires a showing "that the accused was present in the demanding state at the time of the commission of the alleged crime and that thereafter he fled from the state. . . ." No such showing is required when seeking extradition under OCGA § 17-13-25. *Jenkins v. Garrison*, 265 Ga. 42, 45 (2), fn. 6 (453 SE2d 698) (1995). The extradition proceedings brought against Ms. Bartley were based upon OCGA § 17-13-23. Therefore, proof of her presence in South Carolina at the time of the commission of the alleged crime was necessary in this habeas corpus proceeding.

Although Ms. Bartley's presence in South Carolina was in issue, her guilt or innocence of the alleged crime clearly was not. *Michigan v. Doran*, 439 U. S. 282 (99 SC 530, 58 LE2d 521) (1978); *Hutson v. Stoner*, 244 Ga. 52, 53 (257 SE2d 539) (1979). The majority concedes that the distinction between these two issues is a "subtle" one, but it does not discuss that distinction. Absent an explanation, the majority's holding appears incongruous, suggesting that, although the issue of Ms. Bartley's guilt or innocence may not be addressed directly, the habeas court nevertheless was authorized to address that issue indirectly.

I believe that the distinction between the two issues is best understood when considered from the perspective of the technical differences which exist between an extradition proceeding and a criminal trial. The issue in an extradition proceeding is not the accused's guilt or innocence, but only whether the accused should be extradited in order for that determination to be made in the demanding state. OCGA § 17-13-23 requires, as a condition of Ms. Bartley's extradition from Georgia, a showing that she was present in South Carolina at the time of the crime and that, thereafter, she left that state. The demand for Ms. Bartley's extradition and supporting documents are prima facie evidence that she was in South Carolina at the relevant time and that she subsequently fled. *Baldwin v. Grimes*, 216 Ga. 390 (116 SE2d 207) (1960); *Dawson v. Smith*, 150 Ga. 350, 351 (2) (103 SE 846) (1920). If uncontested, the demand and supporting docu-

ments, as prima facie evidence, would authorize Ms. Bartley's extradition to South Carolina. *DeWitt v. O'Neal*, 225 Ga. 645 (171 SE2d 144) (1969). However, the law allows Ms. Bartley the opportunity to contest the validity of that prima facie evidence by means of an application for a writ of habeas corpus. OCGA § 17-13-30. Unlike a criminal trial in which the State would have the burden of proving her presence at the scene of the crime, the burden was on Ms. Bartley in the habeas proceeding to show that she was not in South Carolina on the date the crime was committed. *Baldwin v. Grimes*, supra; *Mathews v. Foster*, 209 Ga. 699, 700 (4) (75 SE2d 427) (1953). She presented testimony that she was not and the State offered no additional evidence whatsoever. The issue for resolution is, therefore, whether her testimony authorized the habeas court to refuse to order her extradition to South Carolina for a determination of her guilt or innocence. Ms. Bartley's testimony certainly did not demand that South Carolina's request for her extradition be denied. *Ward v. Jarvis*, 240 Ga. 668 (242 SE2d 134) (1978). However, the habeas court found that her testimony was credible and, having so found, it was authorized to refuse to order her extradition. *Rutledge v. Tolbert*, 240 Ga. 116 (239 SE2d 520) (1977). An accused who meets the evidentiary burden of proving that she " 'was not within the demanding State at the time stated in the indictment, nor at any time when the acts were, if ever, committed, is not a fugitive from justice. . . .' [Cit.]" *Dawson v. Smith*, supra at 351 (3). However, unlike a criminal trial, the fact that Ms. Bartley prevailed in the present extradition proceeding would not constitute a res judicata defense to a subsequent effort on the part of South Carolina to obtain her extradition. *Broughton v. Griffin*, 244 Ga. 365 (260 SE2d 75) (1979). Therefore, if Ms. Bartley did not commit the crime, it is certainly in her best long-term interest to have her innocence conclusively established in a South Carolina proceeding.

Extradition should be facilitated in order that the ultimate question of guilt or innocence can be determined in the demanding state, but the accused's " 'expense, inconvenience, and jeopardy involved in defending against a criminal charge in another state' " must also be considered. *State v. Hedman*, 195 NW2d 420, 423 (Minn. 1972). Rather than accede to having her innocence conclusively determined in South Carolina, Ms. Bartley exercised her statutory right to attempt to avoid extradition by contesting her presence in South Carolina on the date the crime was committed. According to the majority, Ms. Bartley's challenge to extradition was successful because she satisfied her evidentiary burden by a "preponderance of the evidence." If the appropriate evidentiary standard was an issue of first impression in this state, I would hold that an accused can avoid extradition only if the habeas court finds that the demanding state's

prima facie evidence has been countered by "clear and convincing evidence." See *State v. Hedman*, supra at 422-423. However, the Georgia cases cited by the majority adopt the "preponderance of the evidence" standard and, adhering to the principle of stare decisis, I agree that those decisions are controlling authority here. Moreover, even if the applicable standard were "clear and convincing evidence," the judgment in this case would still be affirmed, since Ms. Bartley's uncontradicted testimony is sufficient to meet that higher evidentiary standard. *Dawson v. Smith*, supra at 351 (3). Under the present law of this state, I agree that, unless and until South Carolina brings an extradition proceeding in which Ms. Bartley fails to prove by a preponderance of the evidence her absence from that state at the relevant time, she cannot be extradited pursuant to OCGA § 17-13-23.

I am authorized to state that Justice Thompson joins in this special concurrence.

DECIDED JANUARY 26, 1998 —
RECONSIDERATION DENIED FEBRUARY 23, 1998.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellant.
*Davis Cohen,* for appellee.