## S98A0339. JONES v. CONWAY.
(498 SE2d 61)

SEARS, Justice.

The appellant, David Jones, appeals from the trial court's denial of his petition for writ of habeas corpus in which Jones challenged his extradition to the State of Massachusetts. Contrary to Jones' contentions, we conclude that the extradition documents on their face are in order; that Jones has been properly charged with a crime in the demanding state; that Jones is the person named in the request for extradition; and that Jones is a fugitive from justice.[1] As for the latter issue, we have held that a person is a "fugitive from justice," "who, having committed or been charged with a crime in one state, had left its jurisdiction and is found within the territory of another when it is sought to subject him to the criminal process of the former state."[2] The record in this case shows that Jones is charged with committing a crime in Massachusetts; that he has left Massachusetts; and that he is now in the State of Georgia. The facts thus support a finding that Jones is a "fugitive from justice" as that term is defined by our extradition case law. For these reasons, we affirm the trial court's denial of Jones' petition for habeas corpus.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 13, 1998 —
RECONSIDERATION DENIED MAY 14, 1998.

*Wayne L. Burnaine,* for appellant.
*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney,* for appellee.

---

[1] *Marini v Gibson,* 267 Ga. 398, 399 (1) (478 SE2d 767) (1996).
[2] *Anderson v. Roth,* 231 Ga. 369, 370 (202 SE2d 91) (1973). Accord *Marini,* 267 Ga. at 399-400.