## S08A1334. SMITH v. THE STATE.

(667 SE2d 95)

THOMPSON, Justice.

Tyreek Deanthony Smith is charged with two counts of aggravated murder, robbery, and burglary in the state of Washington. Following his arrest in Georgia, an executive extradition warrant

was issued. Smith filed a petition for habeas corpus. The habeas court denied the petition and Smith appeals.

Smith first alleges that the habeas court erred by not examining the probable cause determination by the Washington magistrate. However, a court in an asylum state considering a petition for writ of habeas corpus is limited to determining four readily verifiable facts: whether the extradition documents on their face are in order; whether the petitioner has been charged with a crime in the demanding state; whether the petitioner is the person named in the request for extradition; and whether the petitioner is a fugitive from justice. *Michigan v. Doran*, 439 U. S. 282, 289 (99 SC 530, 535, 58 LE2d 521) (1978); *Johnson v. Mitchell*, 256 Ga. 339 (349 SE2d 186) (1986). Once a requisition has been made by the governor of the demanding state, "[i]t is not appropriate for the habeas court to look behind the probable cause finding of the demanding state." *Rhodes v. North Carolina*, 255 Ga. 391 (338 SE2d 676) (1986). Additionally, "[o]nce a habeas corpus court has found the extradition papers to be legally sufficient, a further inquiry into a petitioner's statutory and constitutional defenses violates the clear intention that an extradition proceeding be of a summary nature." *Hutson v. Stoner*, 244 Ga. 52, 53 (257 SE2d 539) (1979).

In the present case, the habeas court examined the four *Doran* factors, finding that the extradition documents were facially valid; that Smith had four felony charges pending in Washington; that Smith was the same person named in the extradition documents; and that Smith was a fugitive from the Washington authorities. It follows that the habeas court could not examine the probable cause determination in the demanding state and that, therefore, Smith's first enumeration of error is without merit.

In Smith's second enumeration of error, he claims that he is not a fugitive from justice. However, the Georgia governor's warrant stated that Smith was a fugitive from justice, and in the information charging Smith, it was alleged that he committed the crimes charged while in the state of Washington. This is sufficient prima facie evidence to show that Smith is a fugitive from justice. *St. Lawrence v. Bartley*, 269 Ga. 94, 97 (495 SE2d 18) (1998). Thus, this enumeration is also without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008.

*Chevene B. King, Jr.*, for appellant.
*Kenneth B. Hodges III*, District Attorney, *Gregory W. Edwards, Shelly D. Faulk*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, for appellee.

*Stephen M. Penner, Timothy R. Lewis*, amici curiae.