### 20082. WINSLOW *v.* GRIMES, Sheriff.

DUCKWORTH, Chief Justice. Where, as here, the documents submitted by the Governor of Michigan to the Governor of Georgia contained both a copy of an affidavit made before a magistrate and a copy of an information against the applicant for habeas corpus charging him with crime described therein, and the date of the sentence received therefor shows that he has not completed the same, and an affidavit shows that the applicant is a parole violator, having failed to complete his sentence, the court did not err in remanding the applicant to the custody of the Sheriff of Fulton County for the purpose of being delivered by the sheriff to the agent of the State of Michigan named in the requisition and formal demand of the Governor of that State. 18 U. S. C. A. § 3182, p. 60; Code (Ann.) § 44-404 (Ga. L. 1951, pp. 726, 727); *Denny* v. *Foster,* 204 *Ga.* 872 (52 S. E. 2d 596). And this ruling is not in conflict with those in *Deering* v. *Mount,* 194 *Ga.* 833 (22 S. E. 2d 828), in which there was no copy of indictment and the requisition charging the person with crime was merely sworn to before a notary public and not a magistrate, and *West* v. *Graham,* 211 *Ga.* 662 (87 S. E. 2d 849), in which there was neither a formal demand, copy of indictment, information, affidavit, judgment or sentence authenticated by the governor of a state.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 14, 1958—DECIDED JUNE 4, 1958— REHEARING DENIED JUNE 23, 1958.

*Albert A. Roberts,* for plaintiff in error.
*Paul Webb, Solicitor-General, Eugene L. Tiller,* contra.