34208. McCULLOUGH v. STYNCHCOMBE.

MARSHALL, Justice.

The Governor of Alabama issued a requisition for the petitioner's extradition to Alabama for violation of a parole he received upon being convicted of various theft offenses. Under the provisions of Section 44-411 of the Uniform Criminal Extradition Act (Code Ann. § 44-411; Ga. L. 1951, pp. 726, 792) (referred to hereinafter as the Act), the petitioner filed a writ of habeas corpus in superior court, which was denied. The petitioner appeals, arguing: (1) the documents on which the Governor of Alabama's demand for extradition is based are legally insufficient, and (2) the summary nature of the extradition proceeding deprives him of constitutional rights.

We find both arguments to be without merit. We agree with the trial court that the Governor of Alabama's requisition is supported by documents that are in

compliance with Section 44-404 of the Act (Code Ann. § 44-404; Ga. L. 1951, pp. 726, 727). See *Frazier v. Grimes,* 221 Ga. 375 (145 SE2d 39) (1965); *Winslow v. Grimes,* 214 Ga. 262 (104 SE2d 76) (1958); *Broyles v. Mount,* 197 Ga. 659 (30 SE2d 48) (1944). Interstate extradition is intended to be a summary proceeding. Michigan v. Doran, — U. S. — (99 SC 530, 58 LE2d 521) (1978). Therefore, its summary nature does not offend any constitutional guarantees to which the fugitive is entitled.

*Judgment affirmed. All the Justices concur.*

Submitted November 14, 1978 — Decided January 24, 1979.

Vincent S. McCullough, *pro se.*

*Lewis R. Slaton, District Attorney, Allen Moye, Assistant District Attorney,* for appellee.