### 34695. ANDERSON v. THE STATE.

PER CURIAM.

Anderson was ordered extradited to Florida on a governor's warrant. He filed a petition for writ of habeas corpus complaining that he was not in Florida on the date of the crime charged; that he was not charged with conduct which was a crime in Georgia; and that the administrative functions of Code Ann. Title 44 were not complied with. His petition was denied.

At the hearing on the petition, it was shown that:

(a) The extradition documents on their face were in order;

(b) Petitioner was charged with a crime in the demanding state, to wit, conspiracy to commit felony; and

(c) The petitioner was the person named in the request for extradition.

(d) Under Code Ann. § 44-407, it would not be required that petitioner be shown to have been in the demanding state at the time of the commission of the crime, nor that he had fled therefrom.

The requirements for extradition set forth in Michigan v. Doran, —— U. S. —— (99 SC 530, 58 LE2d 521) (1978), having been met, we affirm the judgment of the habeas corpus court.

*. Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 6, 1979 — DECIDED FEBRUARY 6, 1979 — REHEARING DENIED FEBRUARY 27, 1979.

*Keenan & Wilkerson, Don C. Keenan, Douglas R. Daum,* for appellant.

*Randall Peek, District Attorney, William R. Ritchie, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.