## 34956. HUTSON et al v. STONER.

PER CURIAM.

This is an appeal from the judgment of the trial court granting appellee's petition for habeas corpus in an extradition proceeding.

In October, 1977, the Governor of the State of Alabama presented a writ of extradition to the Governor of Georgia requesting the immediate extradition of J. B. Stoner who had been charged in the State of Alabama with the crime of setting off dynamite dangerously near an inhabited dwelling. On December 2, 1977, Governor George Busbee signed an extradition warrant authorizing the extradition of J. B. Stoner to the State of Alabama. Stoner filed a writ of habeas corpus challenging the extradition warrant and his extradition. After a series of hearings, the trial court held that Stoner had rebutted the prima facie case of the state. Appellants, the sheriff and chief jailor of Cobb County through the Attorney General of the State of Georgia, now appeal. We reverse.

The conclusion of the habeas corpus court that Stoner's unrebutted testimony that he was not in Alabama on the date of the alleged crime is a sufficient defense to a Governor's extradition warrant, is error. The lack of presence in the demanding state at the time of the

commission of an alleged crime is no longer a defense which is cognizable in an extradition proceeding. *Frazier v. Rutledge,* 243 Ga. 39 (252 SE2d 465) (1979); *Anderson v. State,* 243 Ga. 216 (253 SE2d 166) (1979).

The current standard of review in extradition cases was established by the United States Supreme Court in the recent case of Michigan v. Doran, —- U. S. —- (99 SC 530, 58 LE2d 521) (1978): "Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable."

In finding that the state had made a prima facie case for the extradition of appellee, the habeas corpus court implicitly found that these four requirements had been met. The record in this case supports this finding.

Once a habeas corpus court has found the extradition papers to be legally sufficient, a further inquiry into a petitioner's statutory and constitutional defenses violates the clear intention that an extradition proceeding be of a summary nature. *McCullough v. Stynchcombe,* 243 Ga. 24 (252 SE2d 453) (1979). A petitioner is not entitled to two separate trials in two separate states. Appellee's defenses that the statute of limitation has run on the offense for which he is being extradited, that he has been denied a speedy trial, and all other due process questions are issues to be properly decided by courts in the demanding state, not by courts in an asylum state.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 12, 1979 — DECIDED JULY 2, 1979 — REHEARING DENIED JULY 17, 1979.

*Thomas J. Charron,* District Attorney, *Arthur K. Bolton,* Attorney General, *Susan V. Boleyn,* Assistant Attorney General, for appellant.

*L. S. Cobb,* for appellee.