## 35491. LIVELY v. FULCHER.

HILL, Justice.

Appellant Gary Lively is charged with escape from the State of Arkansas. The Governor of that state demanded of the Governor of this state that he be extradited. Pursuant to Lively's request, an extradition hearing was scheduled. That hearing was held, over Lively's objection, before the assistant executive counsel to the Governor. See Code Ann. § 40-1614.1.

Lively appeals the denial of habeas corpus contending that the Governor must personally conduct extradition hearings. He argues that because extradition is a summary proceeding under Michigan v. Doran, 439 U. S. 282 (99 SC 530, 58 LE2d 521) (1978) it is imperative that the Governor preside at such hearings.

"The power and duty of determining whether a sufficient showing has been made to warrant the

extradition of the person demanded rest in the first instance on the governor of the asylum state, which power and duty cannot be delegated by him." 35 CJS 425, 426, Extradition, § 15. In State of Tenn. v. Grosch, 177 Tenn. 619 (152 SW2d 239) (1941), it was said that the question of whether the request of the demanding state is in order is for decision by the Governor and this duty cannot be delegated. See also Munsey v. Clough, 196 U. S. 364, 372 (25 SC 282, 49 LE 515) (1905). Code Ann. § 44-408 provides that "If the Governor decides that the demand should be complied with, he shall sign a warrant of arrest. . ."

While this decision-making power of the Governor cannot be delegated, the conduct of an extradition hearing may be. "If the Governor grants a hearing, it may be in such mode and manner as he deems satisfactory, as by appointing a commissioner to receive the evidence and make a report thereof. This does not delegate any authority or power of the Governor. He alone determines whether he will honor or refuse extradition." Galloway v, McClard, 316 SW2d 125, 126 (Ct. App. Ky. 1958). "It must be recognized that a governor has the right to rely on his agents or employees to make investigations and report their findings, and to rely thereon." Hammond v. State of Ark., 244 Ark. 186 (424 SW2d 861) (1968). See also Ex parte Pelinski, 213 SW 809 (Mo. S. Ct. 1919).

Under Code Ann. § 44-405, the Governor of Georgia may call upon the Attorney General or any prosecuting officer to investigate the demand for extradition, to report on the situation and circumstances of the person sought, and to recommend whether he ought to be surrendered. While the Governor's executive counsel is not expressly included under § 44-405, we do not deem that section to be the exclusive means available to the Governor to obtain information regarding extradition.

We hold that it is not grounds for habeas corpus relief that the Governor did not personally preside at the extradition hearing.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 5, 1979 — DECIDED NOVEMBER 26, 1979.

*Hill, Jones, Friday & Robinson, Jack Friday,* for appellant.

*J. Lane Johnston, District Attorney,* for appellee.

*Mary Beth Westmoreland,* amicus curiae.