## 35552. GARRETT v. ARRINGTON.

HILL, Justice.

Richard M. Garrett brought a petition for the writ of habeas corpus in the Superior Court of Baldwin County. The habeas court found the following facts, none of which is disputed by Garrett. Garrett was arrested by the sheriff of Baldwin County on September 10, 1978, on the basis of two warrants for forgery and 13 warrants for bad checks; all of these offenses allegedly occurred in Baldwin County. Subsequently, the sheriffs of several other Georgia counties (e.g., Columbia, Gwinnett, Habersham, Laurens, Richmond) informed the sheriff of Baldwin County that they held warrants charging Garrett with issuing bad checks in their counties, furnished him with appropriate evidence thereof, and requested that he deliver Garrett to them for prosecution upon disposition of the cases pending in Baldwin County.

Garrett was indicted on the two counts of forgery by the July, 1978, Baldwin County Grand Jury. He filed a demand for speedy trial on October 9, 1978, and on April 10, 1979, he was acquitted due to the state's failure to try him within two terms of court as required by Code Ann. § 27-1901. Garrett then filed this habeas corpus action. At the time of the hearing on Garrett's habeas petition, held on June 1, 1979, no commitment hearing had been held on the 13 warrants for issuing bad checks in Baldwin County, and no indictment has been returned or accusation filed on any such warrant. Likewise, no steps had been taken to turn Garrett over to any of the sheriffs who had requested such action.

The court then ruled that prosecution of the 13 Baldwin County bad check warrants was barred because

Garrett's right to a speedy trial under the federal and state constitutions had been violated. The court also ruled that it had "no power to take action with respect to the charges set out in warrants pending in other counties other than Baldwin County; and defendant's retention upon such warrants is not unlawful," and ordered "that defendant be returned to the custody of the sheriff of Baldwin County and said sheriff is ordered to transfer custody of said defendant to one of the other sheriff's of this State who has requested that defendant be delivered to him for prosecution in such other sheriff's county."

Garrett argues that the habeas court, having determined that his detention on the Baldwin County charges was illegal, should have ordered him released. He asserts that his constitutional right to a speedy trial will bar the trials on the other warrants as it did in Baldwin County, and that the habeas court had the power to so rule.

We disagree. Four factors must be weighed in deciding constitutional speedy trial questions: (1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant. Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972); Hall v. Hopper, 234 Ga. 625 (1) (216 SE2d 839) (1975). Because constitutional speedy trial questions involve issues of fact, such questions should be resolved by a court having jurisdiction of the criminal prosecution. See Hutson v. Stoner, 244 Ga. 52, 53 (257 SE2d 539) (1979). A defendant who is being held by one jurisdiction cannot force the officials of another judicial circuit in which he is wanted to travel to the jurisdiction in which he is incarcerated to test the continuing validity of their charges against him by raising the claim that he is being denied a speedy trial. Thus we affirm the trial court's ruling that it had no power to consider this claim as to warrants issued in other judicial circuits. We also affirm the trial court's order that the sheriff of Baldwin County transfer custody of Garrett to one of the other sheriffs who has requested such action, with the added provision that if such transfer has not been effected within 10 days of the entry of the remittitur from this court, petitioner be released.

*Judgment affirmed with direction. All the Justices concur.*

SUBMITTED NOVEMBER 2, 1979 — DECIDED JANUARY 8, 1980.

*G. L. Dickens, Jr., Charles E. Moore,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.

