## 35748. HOOTEN v. THE STATE.

JORDAN, Justice.

The Governor of Georgia issued his warrant for the arrest and extradition of James L. Hooten to the State of Mississippi to face a charge of murder. Hooten brought his petition for habeas corpus which was denied after a hearing and he appeals.

1. Appellant contends that due to the summary nature of an extradition hearing, such hearing must be personally conducted by the Governor and that this power cannot be delegated as was done in this case. Extradition hearings need not be personally conducted by the Governor so long as the final decision is personally made by the Governor. *Lively v. Fulcher,* 244 Ga. 771 (1979).

2. The lack of presence in the demanding state at the time of the commission of an alleged crime is no longer a defense which is cognizable in a habeas corpus extradition proceeding. *Hutson v. Stoner,* 244 Ga. 52 (257 SE2d 539) (1979); *Michigan v. Doran,* 439 U. S. 282 (1978).

3. Appellant contends that Code Ann. § 38-801 (e) which limits subpoena power to a radius of 150 miles in civil proceedings is unconstitutional as applied to his habeas corpus proceeding. We have recently ruled adversely to this contention in *Pulliam v. Balkcom,* 245 Ga. 99 (1980).

Appellant's three enumerations of error are without merit and the trial court did not err in denying the petition for habeas corpus.

*Judgment affirmed. All the Justices concur, except Hill, J., who is disqualified.*

SUBMITTED DECEMBER 21, 1979 — DECIDED FEBRUARY 5, 1980 — REHEARING DENIED FEBRUARY 19, 1980.

*Hill, Jones, Friday & Robinson, Jack Friday, Bobby L. Hill,* for appellant.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.

*Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* amicus curiae.