## 41516. FAGAN v. MASSEY.
### (322 SE2d 59)

CLARKE, Justice.

This is an appeal from an order granting extradition and denying appellant's writ of habeas corpus. We affirm.

Fagan was indicted in Tennessee for violation of that state's bad check statutes. The Governor of Tennessee signed and delivered a demand for extradition and Governor Joe Frank Harris approved the request and ordered the arrest and extradition of the accused. The appellant then filed a writ of habeas corpus attacking the extradition.

At the hearing on the writ the appellant raised substantive defenses as to his guilt and alleged that extradition will deny him due process and further alleged that he was being held for the collection of a private debt.

The habeas court found all of the requirements of Michigan v. Doran, 439 U. S. 282 (99 SC 530, 58 LE2d 521) (1978), that (1) the extradition documents on their face are in order, (2) the petitioner is charged with a crime in the state of Tennessee, (3) he is the person named in the request, and (4) he is a fugitive from justice in Tennessee. This is the standard to be applied by courts of this state in reviewing extradition cases. *Hutson v. Stoner,* 244 Ga. 52 (257 SE2d 539) (1979).

· Once these requirements are met, the petitioner's defenses, whether statutory or constitutional, are to be decided in the demanding state. *Hutson.* We have held that this includes a defense alleging the criminal prosecution is nothing but an attempt to collect a private debt. *Stynchcombe v. Smith,* 244 Ga. 548 (261 SE2d 342) (1979).

An examination of the record supports the findings of the trial court in the denial of the writ of habeas corpus.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 31, 1984.

*Cook, Noell, Tolley & Aldridge, Edward D. Tolley,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.