### 42167. WHALEY v. STATE OF GEORGIA et al.
(328 SE2d 720)

MARSHALL, Presiding Justice.

The transcript indicates that (1) the extradition documents on their face were in order, (2) the petitioner was charged with a crime in Texas, the demanding state, and (3) the petitioner is the person named in the demand for extradition. It is necessary neither that the petitioner be shown to have been in the demanding state at the time of the commission of the crime, nor that he had fled therefrom. *Lyman v. Howard,* 250 Ga. 185 (297 SE2d 21) (1982) and cit.

The requirements for extradition set forth in *Michigan v. Doran,* 439 U. S. 282 (99 SC 530, 58 LE2d 521) (1978), having been met, we affirm the judgment of the habeas corpus court. A petitioner is not entitled to two separate trials in two separate states. The appellant's defenses, that a civil remedy was being sought to be enforced and that the indictment was defective upon its face, are issues to be properly decided by courts in the demanding state, not by courts in an asylum state. *Hutson v. Stoner,* 244 Ga. 52, 53 (257 SE2d 539) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 23, 1985.

*Elliott, Turner & Jones, Tyron C. Elliott,* for appellant.
*Arthur E. Mallory III, District Attorney,* for appellees.